ISAAC COOK, Appellant, v. ELIAS SHIPMAN, Appellee.

APPEAL FROM THE COOK COUNTY COURT OF COMMON PLEAS.

A bond given to influence an alderman to a particular course in the discharge of his duties, is illegal and void, and it makes no difference to whom it was executed. It is bribery.

THE facts of this case are stated in the opinion. The instructions mentioned, as having been refused by the court below, were as follows:

5.  That if the jury believe, from the evidence, that there was, before the execution of this bond, any understanding between Granger, then an alderman of the said city, and the plaintiff and defendant, that Shipman should be employed by the defendant to procure the passage of certain ordinances touching the lands of the defendant, and that the said Granger at the time promised to use his influence or exert himself to secure the passage thereof, and if they further believe that such understanding had any influence upon Cook in giving said bond, and that Shipman was aware of it, then the law is for the defendant.

6.  That if the jury believe, from the evidence, that Granger promised to use his endeavors to procure the passage of ordinances, mentioned in the bond, as alderman of the city, and that such promise was any part of the considerations or inducements that led Cook to make the bond, and those facts were known to Shipman, then the bond is illegal, and no recovery can be had thereon.

W. T. BURGESS, for Appellant.

FARWELL, SMITH & THOMAS, for Appellee.

WALKER, J.   This was an action of debt, instituted by Shipman against Cook, on a bond given by the latter to the former, for the sum of two thousand dollars. It was conditioned for the payment of one thousand dollars to the obligee, when the common council of the city of Chicago should pass an ordinance which, should in effect, change the location of so much of the dock line recently established by the common council, as lay in front of a lot of land therein described, and which was owned by Cook, and to so establish the dock line that it would run parallel, or nearly so, with, and at a distance of forty feet from the south line of the lot, thereby giving to the lot a water front.   To the declaration, defendant filed a plea of *non est factum*.   A plea that the bond sued upon was illegal and void, because, at the time it was given, one Elihu Granger was a

member of the common council of the city of Chicago, to whom, with others, the subject of wharfing privileges and the establishment and alteration of dock lines of the Chicago river, including such privileges and lines appertaining to the lot mentioned in the bond, had been referred for settlement and adjustment by the common council, and was pending and undetermined before them as such committee. That Granger was then an alderman of the city, and the plaintiff was a clerk of the committee, and employed by the city, to render the committee the identical services in the bond mentioned, and to be paid therefor by the city. And for the purpose of procuring the services of Granger and plaintiff, to influence the committee in its action in the matter, in a manner more favorable to defendant's interests than they would otherwise have done, and in violation of the duty of plaintiff, and of Granger as an alderman of the city, it was agreed between plaintiff and defendant, Granger being advised thereof and consenting thereto, that if ordinances were passed, of the character mentioned in the bond, that then defendant should pay plaintiff two thousand dollars, and Granger should use his influence as a member of the committee, and plaintiff, as the employee of the city, to procure the passage of such ordinances. That the bond was made and delivered in pursuance of such corrupt agreement, and for the purpose of illegally procuring action by the common council, by means of a favorable report by the committee, and that there was no other consideration for making the bond.

Also a plea, alleging that Granger was a member of the common council of the city of Chicago, to whom, with other members, the subject of wharfing privileges, and of establishing and altering dock lines on the Chicago river, including the privileges and dock lines of and to a certain lot of defendant, had been referred by the common council, the establishment of which was then pending before the committee, and that Granger was then an alderman of the city, and to procure the assistance of Granger in influencing the action of the committee, upon the matter so referred to them, in a manner more favorable to defendant's interests as the owner of the lot, than they would have otherwise done, and in violation of his duty as an alderman of the city, it was agreed between defendant and Granger, that in the event ordinances should be passed by the city, of the character set forth in the writing obligatory sued upon, that Cook should pay to Granger the sum of two thousand dollars, and that Granger should use his influence, both as a member of the committee and of the common council, to procure the passage of such ordinances, but to cover up the agreement and give it the appearance of legality, the contract was made in the name

of plaintiff and defendant. That the bond was made and delivered in pursuance of such corrupt agreement, and for no other consideration. Issues were joined to the country, a trial was had, and a verdict found for the plaintiff below for $1,000 debt, and $155 damages. A motion for a new trial was entered and overruled, and judgment rendered on the verdict, from which defendant appeals to this court.

If the truth of these pleas was established, it is believed no one would for a moment contend, that either of them did not present a full and complete bar to a recovery. No court, it is believed, has ever held that the use of means to influence an officer to adopt a particular course in the discharge of his duty, constitutes a sufficient consideration to uphold an agreement. And money paid, or agreed to be paid, to an officer, to influence him in the discharge of his official duty, has, in all, even the most corrupt conditions of society, been justly denominated bribery. It is not necessary to refer to authority, or resort to any process of reasoning, to establish such a proposition. The mere statement of the proposition establishes the fact of its corruption, and its monstrous injustice, to all minds not blunted in their moral perceptions, by an indulgence in wrong, and in perverting the principles of justice. When official corruption can go unwhipt of justice, and when it may with impunity stalk forth in open day, with its hideous and monstrous form appearing through its transparent covering, and when courts shall cease to employ every power that the law has conferred upon them, to inflict the severest penalties it has denounced against such crime, then organized society is ready to dissolve, and governments cease to exist. Whenever such crimes against society and government shall be tolerated by courts or juries, all good citizens may well feel that they have lost all security in their rights, designed to be protected when government was organized. If the very officers who were elected to make or execute the laws, become the oppressors of the people, where are the latter to look for protection, or to seek their legal rights? No court in a civilized community can ever tolerate such monstrous iniquity, let it be found where it may. The law should be a terror, to hold in check such depravity.

The first plea alleges, that the bond was given to procure the efforts of Shipman, to influence and change the action of the committee in Cook's favor, and that Granger should employ his influence to accomplish the same end. Now if it is true that by giving the bond, plaintiff in error procured the efforts of one of the members of the committee, who was an alderman, to serve his interest in the decision of the matter then before them for determination, it was bribery, and nothing less, and it is none

the less so, if given to the clerk for the same purpose, and it can make no difference to whom the bond was executed. The second plea alleges, in substance, that Granger, as a member of the committee, and of the common council, in consideration of two thousand dollars, to be paid to him upon his procuring the committee and common council to do the acts specified in the bond, undertook to serve plaintiff in error, by accomplishing the performance of the acts. And if he, as therein alleged, did so undertake to control the action of the committee and of the common council, it was in direct violation of his duty to the public, was official corruption, and a perversion of justice, that cannot be sanctioned either in morals or in law.

The fifth and sixth instructions asked by the defendant below asserted these principles, and, if the evidence tended to establish the truth of the pleas, should have been given. That the evidence in the case does tend to show, that the obligation was given to procure the influence of both plaintiff below and of Granger, to procure the ordinances, we think there is no doubt. Its sufficiency to establish the fact, in view of all the evidence in the case, was a question for the consideration of the jury, and, as we think it strongly tended to prove the truth of the pleas, the jury should have been permitted to consider it under those instructions. Had they been given, the jury would have been directed to consider the evidence, to ascertain whether the bond was given to procure the services of the plaintiff and Granger, for the corrupt purposes alleged in the pleas, and they would have been informed by the instructions that if the evidence established that fact, they should find for the defendant. For this purpose the instructions should have been given.

The judgment of the court below must therefore be reversed, and the cause remanded.

*Decree reversed.*