ISAAC COOK

*v.*

ELIAS SHIPMAN.

ILLEGAL CONTRACT—*bribery.* A contract executed for the purpose of influencing an officer in the discharge of his duty, so as to benefit the party giving the obligation, is based upon an illegal consideration, and can not be enforced.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This case was before this court on a former occasion, when the judgment was reversed and the cause remanded, and is reported in 24 Ill. 614, where a full statement of the case will be found. The facts necessary to an understanding of this decision are sufficiently set forth in the opinion.

Mr. W. T. BURGESS, for the appellant.

Messrs. FARWELL & SMITH, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case has been once considered and decided, and reported in 24 Ill. 614, upon the same pleadings. The special

pleas were adjudged to present a good defense to the action, and under these the court should have given the fifth and sixth instructions asked by the defendant, asserting, as they did, the principles of law contained in those pleas.

Those instructions were given on the second trial, and a verdict was found for the plaintiff. A motion for a new trial was overruled, and judgment rendered against the. defendant, and from which he appeals.

Both parties were sworn as witnesses in the cause.

We shall consider the motion for a new trial, and the ruling of the court upon it.

It is very doubtful if the bond, on its face, is not void for illegality, as an obligation given to a public officer, procured through the instrumentality of one having intimate relations with him, to influence such officer in the discharge of his duties, and in such a manner and direction as should benefit the obligor. The bond bears strong evidence, on its face, that such was its purpose and object. It was given to influence the decision of a member of a committee of the common council of the city of Chicago, and its chairman also, to whom had been confided the subject of certain wharfing privileges, and establishing and altering dock lines appertaining to a lot in which appellant was interested, in so performing his duty that this lot should receive a great benefit. This, we think, may be fairly inferred from the tenor of the obligation itself. Appellee, in his testimony, denies any such intent or inference, yet he states that the notes which appellant gave in compliance with his bond, were endorsed by him in blank, and left at Swift's bank, and he had them entered on Granger's bank pass book as notes deposited for collection, and not being paid at maturity, he brought suit on them in Granger's name, but for his benefit, he, Granger, having no interest in the bond or notes.

When it is known that this Granger was the alderman and member of the committee, and its chairman, to whom this interesting subject of dock lines and wharfing privileges had

been committed, and the brother-in-law of appellee, no reasonable man can doubt, appellee being his clerk, that it was for Granger's benefit, or, at least, to influence him in the discharge of his duty, that the bond was given.

But the testimony of appellant sets this question at rest. He testifies, that the arrangement was made with Granger himself, who was to use his influence to get an ordinance passed to benefit appellant's lot, provided appellant would give him two thousand dollars—that was, for appellant to give a bond for that amount, and Granger would arrange it in the council by his influence. Appellant negotiated alone with Granger, and made the bond and notes to suit him, and delivered them to him when he called for them, and he said it was all right. Appellant says distinctly, the reason for giving the bond and notes was the fact that Granger was on the committee having the subject of water front in charge; that he negotiated with no other party but Granger, and at Granger's own suggestion, and that he delivered the bond and notes to Granger in person, he calling for them.

This explains that part of appellee's testimony, where he says, appellant refused to pay when the ordinances were drafted, he insisting he was not bound to pay until they were adopted, and it is strongly fortified by the statement of appellee, that these very notes were collected by suit in Granger's name. Appellee's testimony contradicts that of appellant, but the testimony of the latter is strongly corroborated by the bond itself. The bond confirms appellant's evidence, and, together, they outweigh the testimony of appellee. There can be no doubt this was a transaction which the law can not sanction. Appellee was the mere "go between" of Granger and Cook, Granger being the party to be influenced by the agreement, and by the money to be paid under it, but to avoid exposure, the papers were made out in the name of appellee, as the beneficial party.

The verdict should have been for the defendant, the defense having been made out by the testimony. The motion for a

new trial should have been allowed. It was error to refuse it, and for this error the judgment must be reversed.

*Judgment reversed.*