Maguire *et al v.* Smock *et al.*

# IN GENERAL TERM.

Douglas Maguire *et al v.* William C. Smock *et al.*

Appeal from Rand, Judge.

*Common Council—Petition to, presumed to be made in good faith—Money consideration for signature to— Petition void—Practice.*

The members of the Common Council of a city in acting upon a petition for the improvement of a street, have a right to assume that the petition is made in good faith by the owners of real estate, who are willing to pay their share of the burden, and who desire the improvement, and that all the petitioners are uninfluenced by any combination, by which a few, who are anxious for the improvement to be made, have agreed to pay a consideration, either directly or indirectly, to procure the signature of others to the petition.

Good faith toward the owners of real estate, who are in the minority, and who are opposed to the improvement, and to having the burden imposed upon themselves, requires that the petitioners should all act in good faith, and all be willing to assume their due portion of the tax, and that they should not be paid a consideration for signing the petition.

An agreement, by which a sum of money is guaranteed to be paid to certain persons, provided they will petition the Common Council of a city for the improvement of a street, is void, as against public policy, and can not be enforced.

Where a portion of pleading is struck out on motion, but no bill of exceptions is filed making the portion struck out a part of the record, no question is presented on appeal, upon the ruling of the Court in striking out.

Where specific facts are set out in an answer, from which a legal inference arises that the agreement sued on is corrupt and void, as against public policy, it is not error to sustain a demurrer to a reply, stating in general terms that the contract sued on was accepted, and the acts of the plaintiff, in compliance with the agreement, were done in good faith, without any desire, or design to exercise a corrupt, or fraudulent influence.

*McDonald, Butler & McDonald,* for appellants.

*Test, Burns & Wright,* for appellee.

BLAIR, J.—This action is upon the following instrument, made by the defendants to the plaintiffs:

"INDIANAPOLIS, April 8, 1870.

"We, the undersigned, guarantee unto Douglass Maguire and William J. Gillespie the sum of eight hundred dollars on the assessment for improving Delaware street with the Nicholson pavement in front of their property on said street, provided they petition the City Council of Indianapolis for said improvement.          WM. C. SMOCK,

D. H. WILES,

J. T. WRIGHT."

The plaintiffs aver in their complaint that in pursuance of the contract, they did petition the City Council, and thereby became liable to pay large sums of money upon assessments made upon their property for said improvement, and that they have paid for the same a large sum in excess of the amount agreed to be paid by the defendants; and that the defendants were owners of real estate bordering on said street, and were anxious to have said improvement made, to enhance the value of their property, and that defendants made the contract in consideration of the benefits they would derive; and there is a balance yet due plaintiffs on the agreement, &c.

A demurrer was filed to the complaint, which was overruled, and exceptions taken by the defendants.

The defendants then answered in three paragraphs (the first two of which were afterwards withdrawn), the third being substantially as follows:

That on the 1st day of April, 1870, before the making of the agreement in complaint mentioned, a question was pending before the Common Council of the City of Indianapolis,

as to whether they should contract for the taking up of an improvement that had been previously made at the expense of the property holders on Delaware street, north from Washington street to Massachusetts Avenue, and lay down on the same the Nicholson pavement, at great expense to the city, and the property owners on the line of the street; that the plaintiffs owned real estate on said street, and together with Andrew Wallace, William Smith, Samuel W. Bristor, Isaac Kahn, John Norris, William Wilkinson, John Coburn, and others, owning real estate on the same, had signed a remonstrance addressed to said Common Council, against the proposed improvement, and afterward the plaintiffs "corruptly and fraudulently entered into the agreement" set out in complaint, and did petition for the improvement of said street with the Nicholson pavement; and afterward the Common Council passed an ordinance providing for said improvement, and providing that the expense of the same be paid by the owners of real estate bordering on said street, except the public grounds owned by the city, and the crossings of streets and alleys; that afterward the contract having been let by the Common Council, and the work done, precepts were issued to the contractors, to collect from the owners of lots adjoining said street the amount to be paid by each, and that Andrew Wallace paid $672.50, and William Smith paid $980.50, and the others above, who had with the plaintiffs signed the remonstrance, were compelled to pay the several sums assessed against them, and that the city of Indianapolis, and other owners of real estate on the line of the street paid large sums; wherefore the defendants say that the contract sued upon was corrupt, and plaintiffs ought not to maintain their action thereon.

The plaintiffs filed a demurrer to this answer, which was overruled by the Court, and excepted to by the plaintiffs.

The plaintiffs then filed a reply, in substance as follows:

After admitting the signing of a remonstrance, as set out in the answer, they say they signed it, not because they were opposed to the construction of the proposed improvement, but because they did not "feel pecuniarily able to bear the expense that would be assessed against their property by reason of said improvement," and that afterward the defendants, without solicitation from the plaintiffs, proposed to make the agreement set out in complaint, in consideration of the benefits that would arise to them by the proposed improvement enhancing the value of their property on said street. [" And said plaintiffs aver that they accepted said contract, and thereafter signed said petition to the Common Council for said improvement in perfect good faith, and without any desire, or design whatever to corruptly or fraudulently influence the said Common Council, or any officer, or person connected with the government of said city of Indianapolis, or any person whatever."]

That after they had received said contract, relying upon the same in good faith to aid them in paying their assessments to the amount named in the contract, they "were willing and anxious to have said improvements made, and were willing to pay therefor all over and above the amount agreed to be paid by defendants, and so desiring signed said petition in good faith for the purpose of procuring said improvement to be made, and they say that they have paid for said improvements a much larger amount than the sum so agreed to be paid by the defendants. Wherefore, &c.

A motion was made by the defendants to strike out all of the above reply except that part enclosed in brackets above. This motion was sustained by the Court, and the plaintiffs excepted.

The defendants then filed a demurrer to the reply, which demurrer the Court sustained, and the plaintiffs excepted.

The plaintiffs not replying further, judgment was rendered

for the defendants, and the plaintiffs appealed to General Term.

The first error asssigned is the overruling of the demurrer to the answer.

The Common Council of a city may act in providing for the improvement of streets, first on a petition signed by the resident owners of two-thirds of the whole front line of lots, or parts of lots, or secondly, of their own motion, without petition, whenever two-thirds of the members of the Council vote therefor. Act for the incorporation of cities, Sections 68 and 70.

The complaint shows that the agreement sued on was made by the defendants, on condition that the plaintiffs should "petition the City Council of Indianapolis for said improvement," and they allege that in pursuance thereof they did petition the Council. As it appears from the complaint, and answer, that a petition was presented, we are led to infer that the Council acted, in ordering, and contracting for the improvement, on a petition signed by the owners of the real estate, and not on their own motion by a vote of two-thirds of the members.

If the resident owners of two-thirds of the whole front line of lots bordering on a street petition for the improvement of the street, they may thus be the means of imposing upon the owners of the other third a tax to pay for an improvement to which they may be utterly opposed. It appears by the answer that the plaintiffs, as well as other owners on the line of the proposed improvement, were opposed to it, and the answer presents the question whether an agreement can be enforced, by which a portion of those who favor the improvement, promise to pay a portion of those opposed, a part of the cost of the improvement in front of their property to induce them to abandon their opposition, and petition the Common Council in favor of the improvement.

The members of the Common Council of the City, in determining whether an ordinance shall be passed for the improvement of a street must exercise their judgment, and whether the ordinance is in its nature judicial, or legislative,. the influences brought to bear upon them, to inform, or influence their judgment, and action, should proceed from the proper source, unmixed with corruption, or fraud. The members of the Council have a right to assume that the petition is made in good faith, by the owners of real estate, who are willing to pay their share of the burden, and who desire the improvement; and that all of the petitioners are uninfluenced by any combination, by which a few who are anxious for the improvement to be made have agreed to pay a consideration, either directly, or indirectly, to procure the signature of others to the petition. Good faith toward the owners of real estate, who are in the minority, and who are opposed to the improvement, and to having the burden imposed upon themselves, requires that the petitioners should all act in good faith, and all be willing to assume their due portion of the tax, and that they should not be paid a .consideration for signing the petition. Establish the fact that such agreements are not in violation of law, as against public policy, and may be enforced in courts of justice, and the owners of real estate on our streets would. be at the mercy of combinations, or of greedy contractors who might choose to donate a portion of their anticipated profits to the procuring of signatures to petitions in favor of street improvements. All reliance in petitions, as expressions of the honest wishes of the petitioners would at once be destroyed, and distrust and suspicion take the place of that confidence and good faith which should exist in all such proceedings. We believe these views, are fully sustained by the following authorities, and that the action of the Court was right in overruling the demurrer to the answer: *Howard* v. *The First Indp't Church of Baltimore*, 18 *Md.* 451 :.

7

*Brown* v. *Brown,* 34 Barb., 533; *Devlin* v. *Brady,* 33 ib, 518; *Fuller et al* v. *Dame,* 18 Pick, 471; *Cook* v. *Shipman,* 24 Ill., 614; *Gray* v. *Hook,* 14 N. Y., 449; *Marshall* v. *Balt. & O. R. R. Co.,* 16 Howard, 314.

There is no bill of exceptions, making the parts of the reply which were struck out on motion of the defendants, a part of the record, and hence the questions arising upon the ruling of the Court in this respect, are not properly presented for our consideration. *Saunders* v. *Heaton et al* 12, Ind., 20; *Oiler et al* v. *Bodkey,* 17 Ind., 600; *Hill et al* v. *Jameson,* 16 ib., 125.

Where specific facts are set out in an answer, as in this case, from which a legal inference arises that the agreement sued on is corrupt and void as against public policy, it is not error to sustain a demurrer to a reply stating in general terms that the contract was accepted, and the petition signed in good faith, without any desire or design to exercise a corrupt or fraudulent influence; and taken as a whole, we think the reply was bad, and the plaintiffs were not injured by the rulings.

The defendants assign for cross error the overruling of the demurrer to the complaint. This presents a question of more difficulty; but as the case was disposed of on the subsequent pleadings by the Court at Special Term, and we think by correct rulings, the question is not now important. But as the complaint does not show that the rights of any persons, other than the plaintiffs and the defendants, would be affected by the proposed petition, and improvement of the street, nor the character of the question that was pending for action before the Council, we are inclined to the opinion that the complaint was sufficient.

The judgment is affirmed.

NOTE.—All contracts for a contingent compensation for obtaining legislation, or to use personal, or any-secret, or sinister influence on legislation, are

void. 16 *How.*, 314; 6 *Dana*, 366; 1 *Aik.*, 264, (N.); 18 *Pick.*, 472; 10 *Barbour, Sup. Ct.*, 489.

Fcr extent of powers, jurisdiction, and liability of municipal corporations, *See the case of Clark* v. *City of Des Moines, in* 6 *Am. Law Reg.*, (N. S.), 146—a valuable opinion with collection of authorities bearing upon the questions discussed—*Also* 5 *Am. Law Reg.*, (N. S.), 33, 445, 202.