### Samuel Sprecher, Appellant, v. Dr. Emil M. Christensen, Appellee.

#### Gen. No. 29,763.

CONTRACTS—*separability of contract containing void clause against public policy.* Where a contract between physicians for the purchase of the practice and equipment of one by the other contained provisions that the seller should resign his position as coroner and health officer and recommend the purchaser for such offices and also provided that the purchaser should pay to the seller all of the gross income received over a certain amount during the first year, the latter provision is inseparable from the illegal provisions concerning the public offices and is void.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Affirmed. Opinion filed April 13, 1925.

V. I. OHRENSTEIN, for appellant; JACOB KATZ, of counsel.

ROY JUUL, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover money alleged to

be due from defendant under their written contract. Upon the conclusion of plaintiff's case the trial court instructed the jury to find for the defendant, which was accordingly done. Plaintiff appeals from the judgment of *nil capiat*.

There is considerable discussion in the briefs concerning the pleadings, but the decisive point is whether the contract sued on is void as against public policy. The trial court so held, and if this conclusion is proper the state of the pleadings is not important. *Pietsch v. Pietsch*, 245 Ill. 454.

Plaintiff and defendant are physicians. Plaintiff had been practicing at Tripp, South Dakota. It was agreed between them that defendant should purchase this practice, including the office equipment, and a written contract to this effect was executed by both parties September 9, 1920. Under its provisions plaintiff conveyed to defendant his office equipment and a Ford coupé and promised not to practice medicine within a radius of twenty miles of the City of Tripp during a period of five years from the date of the contract. Defendant paid plaintiff $2,000 in cash as agreed upon. This part of the contract has been fully executed and is not involved in this controversy, which arises upon other provisions which are as follows:

"Fourth: First Party (plaintiff) promises and agrees to resign as Chicago, Milwaukee and St. Paul Railway surgeon at Tripp, South Dakota, and also promises to recommend said second party (defendant) and use every legitimate influence in order to secure the appointment of said second party to the position vacated by the said first party.

"Fifth: First party promises and agrees to resign as coroner, also that he will recommend the second party for the position vacated.

"Sixth: First party promises and agrees to resign from the Tripp City Board of Health and that he will recommend the appointment of the second party to the position vacated."

"Second: Second party promises and agrees to pay to said first party any and all income received by said second party from the practice of medicine in excess of Four Thousand Five Hundred Dollars for the year immediately following Sept. 8th, 1920. Income in this paragraph to mean gross cash income, all book accounts to be considered cash."

By this suit plaintiff seeks to recover under this last clause, and sought to show that defendant had received an income from the practice of medicine in excess of $4,500 for the year immediately following the execution of the contract.

Defendant says that his promise to pay plaintiff this excess income from the practice was based upon the consideration that plaintiff should attempt to have him appointed coroner and also a member of the Tripp City Board of Health, which consideration was void as contrary to public policy, and hence his promise to pay cannot be enforced.

It has been repeatedly held that agreements by which one person engages to pay another for his aid or influence in procuring an appointment to public office are illegal and void. Among the cases so holding are *Oscanyan v. Winchester Repeating Arms Co.*, 103 U. S. 261; *Meguire v. Corwine*, 101 U. S. 108; *Harris v. Chamberlain*, 126 Mich. 280; *Edwards v. Randle*, 63 Ark. 318; *Gray v. Hook*, 4 N. Y. 449; *Gaston v. Drake*, 14 Nev. 175; *Jamieson v. Iles*, 219 Ill. App. 432; *Cook v. Shipman*, 24 Ill. 614; *Liness v. Hesing*, 44 Ill. 113; *Crichfield v. Bermudez Asphalt Paving Co.*, 174 Ill. 466.

Plaintiff's counsel does not seriously question the illegality of these provisions of the instant contract, but invokes the rule that, if possible, the unlawful conditions of a contract should be separated from the lawful and the valid provisions enforced. The lawful parts of the instant contract, namely, the transfer of the practice, the office equipment and the Ford

coupé for the cash payment of $2,000, have been executed.

Defendant's promise to pay a part of the income from the practice is inseparable from the illegal conditions. The parties evidently understood that the amount of the income would be conditioned upon defendant's appointment to those public offices. The illegal agreement of plaintiff to attempt to procure these appointments is an essential and fundamental part of the consideration for defendant's promise to pay plaintiff a part of the income. The taint of one undertaking affects fatally the other, for where there is turpitude of this sort the law will help neither party.

The trial court properly construed the contract and the peremptory instruction to find for defendant was right.

The judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.