May Term, 1859.

KENT
v.
LAWSON.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*H. M. Graham*, *J. F. Suit*, and *J. C. Applegate*, for the appellant.

*J. E. McDonald* and *A. L. Roache*, for the state.

---

## KENT *v.* LAWSON.[*]

Any matter for which a new trial may be granted, is waived by the neglect of the party to move for a new trial.

The overruling of a motion for a continuance is clearly within the first specification of § 355 of the code of civil practice.

Errors in rejecting proper, or in giving to the jury improper testimony, or in giving to the jury improper instructions, or in refusing proper charges, are clearly within the eighth specification of the same section; but error in reference to the validity of the pleadings, is not within the section at all.

For causes coming within the sixth specification of that section, a motion for a new trial must be made in the Court below, in order to present any question in the Supreme Court.

The same principle requires such motion to be made for every cause specified in the statute for which a new trial may be granted.

APPEAL from the *White* Circuit Court.

PERKINS, J.—This was an action by the appellee against the appellant, to recover for certain carpenter and joiner work performed by the plaintiff for the defendant, and to enforce a lien therefor upon the premises upon which the buildings were erected:

The defendant answered—

1. By general denial.

---

[*] This case was mislaid, and could not be found until too late to fill its proper place.

May Term,
1859.

KENT
v.
LAWSON.

2. Payment.

3. That by reason of the ignorance and unskillfulness of the plaintiff in doing the work, the defendant suffered damages to the amount of 100 dollars.

Replication in denial of the second and third paragraphs of the answer.

Trial by the Court, a jury being waived.

The Court found that there was due the plaintiff, from the defendant, the sum of 235 dollars, 38 cents, on account of the work and labor, and that the same was a lien upon the premises; and judgment was entered accordingly.

There was no motion, either for a new trial, or in arrest of judgment.

The errors assigned are—

1. The refusal of the Court to continue the cause, on application of the defendant, on affidavit filed.

2. That there was no finding upon two of the issues joined.

3. That judgment should have been rendered for the appellant.

We will examine the errors in an inverse order to that in which they are assigned.

The third is too general, and raises no question for our decision. *King* v. *Wilkins*, 10 Ind. R. 216.

The second is not true in point of fact. The Court finds there is due from the defendant to the plaintiff, a certain sum for the work and labor, and this is a substantial finding upon the second and third paragraphs of the answer, as well as upon the first. But were this not the case, it may well be doubted whether the appellant could raise the question, for the first time, in this Court, and avail himself of the objection, having made no motion, either for a new trial, or in arrest of judgment.

The error first assigned (if one was committed), was waived by the neglect of the defendant to move for a new trial.

We are of opinion that any matter, for which a new trial may be granted, is waived by the neglect of the party to move for a new trial.

May Term,
1859.

KENT
v.
LAWSON.

By § 355, of the code, it is provided that a new trial may be granted in the following cases:

*First.* Irregularity in the proceedings of the Court, jury, or prevailing party, or any order of Court, or abuse of discretion, by which the party was prevented from having a fair trial.

*Second.* Misconduct of the jury or prevailing party.

*Third.* Accident or surprise, which ordinary prudence could not have guarded against.

*Fourth.* Excessive damages.

*Fifth.* Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury and detention of property.

*Sixth.* That the verdict or decision is not sustained by sufficient evidence, or is contrary to law.

*Seventh.* Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

*Eighth.* Error of law occurring at the trial, and excepted to by the party making the application. But not more than two new trials shall be granted in the same cause to the same party.

The overruling of a motion for a continuance of a cause is clearly within the first specification of the above section, and, perhaps, within some of the others.

It is unnecessary for us now to undertake to specify particularly what matters would, and what would not, come within the above provision; but some matters of common occurrence may be named. Thus, errors in rejecting proper, or in giving to the jury improper, testimony, or in giving to the jury improper charges, or refusing proper charges, are clearly within the eighth specification, while errors committed by the Court in reference to the validity of the pleadings in an action, are not within the section at all.

This construction is entirely in harmony with the spirit of the code, and is sanctioned by the previous adjudications of this Court. *Stump* v. *Fraley,* 7 Ind. R. 679.— *Zeh-*

*nor* v. *Beard,* 8 *id.* 96.— *The State* v. *Swarts,* 9 *id.* 221.— *Howes* v. *Halliday,* 10 *id.* 339.

KENT
v.
LAWSON.

In the language of Judge STUART, in *The State* v. *Swarts, supra,* "It is due to the lower Court that its errors, if any, should be pointed out there, so that it may retrace its steps while the record is yet under its control. Without a motion for a new trial, the attention of the Court is not called to its own errors."

Numerous other cases might be cited, were it necessary, establishing the proposition that for causes coming within the sixth specification of the above section of the statute, a motion for a new trial must be made in the Court below, in order to present any question for the determination of this Court.

The same principle will require such motion to be made for every cause specified in the statute, for which a new trial may be granted.

It may be further remarked, that § 356 provides that the motion shall be made upon written cause, filed at the time of making the motion; and that, for causes mentioned in the second, third, and seventh clauses of § 352, the motion must be sustained by affidavit.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.