May Term,
1860.

BARNARD
v.
GRAHAM.

---

## BARNARD v. GRAHAM.

The words, "This was all the evidence given to the Court," do not meet the requirement of the 30th rule.

One of the reasons for a new trial was as follows: "Because of error of law occurring at the trial, and excepted to by the defendant at the time." *Held*, too vague.

Tuesday,
June 5.

APPEAL from the *Henry* Court of Common Pleas.

WORDEN, J.—Action by the appellee against the appellant, to recover damages for the breach of a contract for the sale and delivery of some corn. Also, upon a note. Trial by the Court. Finding and judgment for the plaintiff, over the defendant's motion for a new trial.

There were four reasons filed for a new trial, the first three of which relate to the sufficiency of the evidence to sustain the finding, and the fourth is as follows: "Because of error of law occurring at the trial, and excepted to by the defendant at the time."

There was a bill of exceptions filed which sets out evidence, but does not state, as required by the 30th rule, that "this was all the evidence given in the cause." This case is similar to that of *Chapel* v. *Washburn*, 11 Ind. R. 393, where it was held that the statement that "the following

was all the evidence given to the Court," did not meet the requirements of the rule. That case, in this respect, is decisive of the present. The evidence not being considered before us, we must presume that the finding was sustained by it.

The fourth reason for a new trial is too vague and indefinite, in our opinion, to raise any question. The question sought to be raised under it, has reference to the admission of testimony, to the admission of which exception was taken by the defendant.

In *Kent* v. *Lawson*, 12 Ind. R. 675, it was held that any matter for which a new trial may be granted, is waived by the neglect of the party to move for a new trial; and that the admission of improper testimony is one of the causes for which a new trial may be granted. It follows that the admission of improper evidence cannot be assigned for error, unless it has been brought under the review of the Court, on a motion for a new trial.

The 355th section of the code, contains eight specifications of causes for which a new trial may be granted. The eighth is "error of law occurring at the trial, and excepted to by the party making the application." The reason for a new trial, under consideration, is substantially in the language of the statute. But it does not therefore follow that it is sufficient. In *Humphries* v. *The Administrators of Marshall*, 12 Ind. R. 609, it was held that "the reasons filed for a new trial are sufficient, if they, with reasonable certainty, apprise the Court and the opposite party of the ground upon which a new trial was asked." That, it seems to us, was not done in the present case. Numerous errors might occur on the trial, and be excepted to; and the reasons for a new trial ought to point out such as are relied upon, so that the attention of the Court would be directed to them. Otherwise, it would be of but little use to have written reasons filed at all. Exceptions might be taken to the admission of testimony; to the exclusion of testimony; to charges given to the jury; to the refusal to charge as asked; and to various other rulings of the Court, in the progress of the trial; and if the

general language employed in this case be sufficient, the Court would be required to review all its various rulings to which the party had taken exception, although the party called its attention to but one, or, indeed, none of them, on the motion for a new trial.

If the reason for a new trial in this case be sufficient because it is in the language of the statute, the same rule will apply to the other causes mentioned in the statute, for which a new trial may be granted. Take the first specification: "Irregularity in the proceedings of the Court, jury, or prevailing party, or any order of the Court, or abuse of discretion, by which a party was prevented from having a fair trial." An application for a new trial for any of the above causes, without specifying what particular irregularity, or order of the Court, or abuse of discretion, was relied upon, would not apprise any one of the grounds upon which the new trial was asked.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Grose*, for the appellant.

*J. H. Mellett* and *E. B. Martindale*, for the appellee.