## COMMONWEALTH vs. JOHN McCUE.

On the trial of a complaint against the owner of cattle for an assault and battery in taking them from a person driving them along the highway, who had found them going at large there without a keeper, the testimony of that person that he was a field-driver of the town, and as such was taking them to the town pound, and had acted as such for many years, is competent and sufficient to prove that he was a field-driver; and his subsequent demand of illegal fees is immaterial.

COMPLAINT for an assault and battery upon John Higgins. Trial in the superior court in Middlesex before *Morton*, J., who signed this bill of exceptions :

" There was evidence tending to show that Higgins on the day of the alleged assault was driving the defendant's three cows which Higgins had found in the street going at large in the town of Somerville without a keeper, and that said assault was made by the defendant in his attempt to retake said cows.

" Higgins testified that on the day of said assault he was one of the field-drivers of said town, and as such field-driver was taking said cattle to the town pound, and that he had acted as such field-driver for a number of years. There was no other evidence offered to prove that Higgins was such field-driver.

" The defendant objected that the fact that Higgins was field-driver could not legally be proved by his testimony, but must be proved either by the certificate of his appointment, or by his acts in that capacity, other than the single act on the day of the assault. But the court admitted the evidence.

" The defendant requested the court to instruct the jury that the testimony of Higgins that he was field-driver, and his acts as such on the day of the assault, were not sufficient to prove him such ; and that there being no other evidence that he was field-driver, the defendant could not be convicted of the assault complained of, if it was committed by him in his attempt to retake said cattle, and he used no more force than was actually necessary to retake them.

" The court refused so to instruct the jury to the full extent

asked; but did instruct them that if Higgins was not a field-driver, as claimed, then he had no right to take said cattle, and if the defendant made said assault in his attempt to retake them, and used no more force than was actually necessary to meet and repel the force by which they were detained, he could not be convicted of said charge; that it was not necessary that the appointment of Higgins as such officer should be proved by any instrument in writing; that there was evidence in the case for the jury to consider on the question; and if it satisfied them that he was such field-driver, then he had a right to take said cattle if they were going at large without a keeper, and the defendant had no right to retake them, and any assault in such attempt could not be justified.

"There was some evidence tending to show that Higgins, after taking said cows, while they were in his possession and before the assault, offered to give up the cattle if the defendant would pay the sum of one dollar and eighty cents, which was more than the fees allowed by law to a field-driver. The defendant contended, and asked the court to instruct the jury, that if they were satisfied that Higgins did so demand more than his legal fees before releasing said cattle, then he was a trespasser *ab initio*, and the defendant had a right to take such cattle, using no more force than was necessary. But the court refused so to instruct; and instructed the jury that it made no difference in said cause what fees the field-driver demanded, or offered to take. And the defendant, feeling himself aggrieved by all the foregoing rulings and instructions and refusals to rule and instruct, alleged exceptions."

*E. Ripley,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

CHAPMAN, J. The testimony of Higgins that he was a field-driver and had acted as such implies that he acted under the belief that he had been legally elected and qualified; and it was submitted to the jury with proper instructions. It was sufficient *prima facie* evidence that he was an officer *de facto.* 1 Phil. Ev. (4th Amer. ed.) 592 & notes. 1 Greenl. Ev. §§ 83, 92, & notes.

The jury were also instructed correctly that it made no dif-
ference in the case that Higgins demanded or offered to take
illegal fees.   The evidence offered on that point did not tend to
establish any justification for an assault and battery.

*Exceptions overruled.*