Nov. Term, 1861.

OILER
v.
BODKEY.

---

OILER and Another *v.* BODKEY and Another.

A pleading stricken out on motion forms no part of the record unless made so by bill of exceptions.

Parol testimony is not admissible to vary the terms of a written contract,

by proof of a verbal contract about the same subject matter, made at or before the time of making the written contract.

An erroneous admission of testimony on the trial is not brought in review by a general assignment in the motion for a new trial of "errors of law occurring at the trial," &c., but where excessive damages is also assigned as a cause, the Supreme Court will look into the question of the illegality of the testimony in determining the question of excessive damages.

Nov. Term, 1861.

OILER
v.
BODKEY.

APPEAL from the *Clinton* Common Pleas.

*Thursday, February* 6.

HANNA, J.—Suit on a note. The first paragraph of the complaint was simply in the usual form. The second set up a parol contract for the purchase of wheat, &c. This latter paragraph was stricken out on motion. The ruling was excepted to, but no bill of exceptions was filed thereon, consequently it formed no part of the record.

The defendants answered, pleading a set-off; namely, three parcels of wheat, to the amount of 419 bushels, delivered to the plaintiffs, after the execution of the notes, as alleged; and that at each delivery there was executed a writing as follows, to wit: "Received of *Hendrickson & Oiler* three hundred and eighty-one bushels of white wheat, for which we agree to pay the market price at *Logansport*, less ten cents per bushel, when called for." Signed by the plaintiffs.

In reply, the plaintiffs, 1. Denied generally. 2. Admitted the reception of the wheat, but averred that it was received as alleged in the second paragraph of the complaint, &c.

As the second paragraph referred to was not in the record, it left this part of the answer mere surplusage. There was no issue made by the reply except the denial.

The pleadings being in this condition, the plaintiffs, after the introduction of their note, were permitted, over objections, to offer oral evidence of a parol contract, made some time before the execution of the writing, or the reception of the wheat, in reference to a purchase of the wheat. By the agreement thus proved the defendants received the money, for which the note was executed, on the delivery of the wheat, for which they were to pay interest until they notified plaintiffs that they were willing to close at ruling prices, and were to have until *June* 1 then next to determine. If they gave no notice, until the last named day, plaintiffs

Nov. Term, 1861.

OILER
v.
BODKEY.

were. to account for the wheat at the ruling price on that day, &c.

The note sued on was for $416, with a credit thereon of $75. On the trial the plaintiffs had a verdict, and judgment for $140. Special findings showed that wheat was worth at *Logansport* at the date of the receipts, $1.25; on *June* 1, fifty-five cents; on *September* 21 following, when the demand was made, ninety cents.

A motion for judgment on these findings was overruled. It is evident that the general verdict was based upon the price of wheat on *June* 1. This was erroneous. *Evans* v. *Dale*, 14 Ind. 288. It was also error to admit the oral evidence of a parol contract varying that contained in the writings executed upon the reception of the wheat; though perhaps the question upon the legality of the ruling in receiving that evidence is not brought before us by the general reason filed for a new trial, namely, that error of law occurred at the trial, 14 Ind. 322; *id.* 405; *id.* 417; but upon the reason assigned that the damages were excessive, the Court would look to the evidence, and see that, leaving out that which was thus objected and excepted to, there would not be sufficient to base the verdict upon. In determining whether it should be left out of consideration, the Court would necessarily decide whether it was legitimate.

The finding of the jury as to the price of wheat at the time of notice and demand should have controlled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Davidson & Purdum* and *McDonald & Roache*, for the appellants.

*J. N. Sims*, for the appellees.