SCOVILLE and Others *v.* CHAPMAN.

In a proceeding to enforce a mechanic's lien, after the jury had been sworn, and the evidence heard, the Court permitted the plaintiff to enter a

dismissal as to some of the defendants, so far as a personal judgment was sought against them, but to continue them as parties to the proceedings to enforce the lien.

*Held,* that there was no error in this.

Errors of law occurring on the trial, as in the refusal to grant a continuance, or in the admission of improper evidence, must be assigned in the motion for a new trial, or they can not be noticed on appeal.

Motion for a new trial upon the following grounds, viz., 1. " For irregularities in the proceedings of the Court, and abuse of discretion, by which the defendants were prevented from having a fair trial.   2. On account of accident and surprise, which ordinary prudence could not have guarded against.   3. Errors of law occurring at the trial, and excepted to."

*Held,* that the reasons assigned were too vague and indefinite to bring any question to the attention of the Court.

Nov. Term,
1861.

SCOVILLE
v.
CHAPMAN.

APPEAL from the *Lagrange* Common Pleas.

WORDEN, J.—This was an action by the appellee against *Scoville, Jones* and *Shirts,* to recover for work and labor done, and materials furnished; and to enforce a mechanic's lien on a saw-mill and premises, on which the labor had been done, and for which the materials were furnished.   Issues were formed, and the cause tried by a jury.

*Thursday,*
*December* 12.

After the jury had been sworn, and the evidence offered, the plaintiff filed a dismissal of the cause as against *Jones* and *Shirts,* so far as it was sought to obtain a personal judgment against them, but retained them as defendants, so far as it was sought to enforce the lien on the premises.   The defendants objected and excepted to such dismissal, the Court permitting the same to be entered.   There was no error in this.   Code, § 99; *Taylor et al.* v. *Jones,* 1 Ind. 1.

The effect of the proceeding was simply an abandonment of any pretended right to recover against *Jones* and *Shirts* a personal judgment for the labor and materials; claiming the right to enforce the lien as against them, however, and leaving them before the Court to protect their interests in the premises, if they had any.   This, it seems to us, can not be error.

Verdict and judgment against *Scoville,* with the usual order enforcing the lien.

After the action above noted was had in relation to *Jones* and *Shirts,* an affidavit was filed, on which a continuance

was applied for; but the application was overruled, and exception taken. There was no motion for a new trial on the ground of error in refusing a continuance; hence, this point need be no further noticed. *Kent* v. *Lawson*, 12 Ind. 675.

It is objected that incompetent evidence was permitted to go to the jury. A new trial was not asked on this ground.

The reasons filed for a new trial are as follows: 1. "For irregularities in the proceedings of the Court, and abuse of the discretion of the Court, by which the defendants were prevented from having a fair trial. 2. On account of accident and surprise which ordinary prudence could not have guarded against. 3. Because the verdict is not sustained by sufficient evidence, and is contrary to law. 4. Errors of law occurring at the trial, and excepted to by the defendants."

The evidence is not in the record; hence, nothing further need be said in reference to the third reason. The other reasons were all too vague and indefinite to have brought any question to the attention of the Court below. *Barnard* v. *Graham*, 14 Ind. 322; *Medler* v. *Hiatt, id.* 405.

What we have said disposes of all the questions arising in the case.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

· *J. E. McDonald, A. L. Roache* and *R. Parrett,* for the appellants.

*A. Ellison,* for the appellee.