*J. P. Usher*, for the appellant.

*S. B. Gookins*, for the appellees.

---

ELLIOTT and Others *v.* WOODWARD.

Where instructions given by a Court to a jury consist of several distinct propositions, a general exception to the instructions will be unavailing in this Court, if any one of them is correct.

---

Elliott and Others *v.* Woodward.

---

A motion for a new trial on the ground of error of law occurring at the trial, and excepted to at the time, is too vague and indefinite to raise any question in this Court.

A motion for new trial on the ground "that the Court erred in the instructions to the jury," is also bad for not pointing out, with reasonable certainty, the particular instructions in which the Court is supposed to have erred.

In general, on a bill of exchange, payable to bearer, or to a particular individual, or order, and by him endorsed in blank, and which has been lost *before its maturity*, the holder can not recover without indemnifying the acceptor, but otherwise where it is lost *after* maturity.

A judgment on a bill lost *after* maturity, is a complete bar to another action brought by any person receiving the same after maturity.

APPEAL from the *Daviess* Common Pleas.

WORDEN, J.—This was an action by *Woodward*, as holder, against the appellants, as acceptors of a certain bill of exchange. Trial; verdict and judgment for the plaintiff.

A new trial was moved on the ground, amongst other things, that the verdict was not sustained by the evidence. We are of opinion that the evidence tends to establish every point material to a recovery.

An instruction is complained of as erroneous. No valid exception was taken to the instruction. The Court, at the request of the plaintiff, gave instructions embracing eight distinct and separately numbered propositions, the most of which were correct. Indeed, there is urged no objection to seven of them. No exception was taken in the manner prescribed by section 325 of the code. The bill of exceptions states the exception as follows: "to which instruction given by the Court on the part of the plaintiff the defendants by their counsel at the time objected and excepted." It has been held that this mode of excepting to instructions consisting of distinct propositions, is unavailing, if any one of the instructions is correct. *Garrigus* v. *Burnett*, 9 Ind. 528.

Elliott and Others *v*. Woodward.

But supposing the exception to have been well taken, still, the motion for a new trial in this respect was insufficient. The reasons for a new trial are: "4th. Error of law accruing at the trial and accepted to by the plaintiff (defendants) at the time. 5th. That the Court erred in the instructions to the jury."

The 4th reason was too vague and indefinite to raise any question. *Barnard* v. *Graham*, 14 Ind. 322; *Medler* v. *Hiatt*, *id*. 405. The 5th reason is also insufficient, for not pointing out, with reasonable certainty, the part or portion of the instruction in which the Court is supposed to have erred. *Robinson* v. *Hadley*, *id*. 417.

A motion in arrest of judgment was made and overruled. The complaint sets out a copy of the bill sued on, and avers that "the original of which has been lost since the filing of the complaint." The ground of the motion in arrest, is that the suit could not be maintained on a lost bill, without giving the defendants a bond to indemnify them against liability to another *bona fide* holder. We need not determine whether the objection, if valid, could be successfully urged on a motion in arrest, as it is not, in our opinion, well founded. It may be admitted, that where a bill, payable to bearer, or payable to a particular individual, or order, and by him endorsed in blank, as was the case here, has been lost *before its maturity*, the holder can not recover without indemnifying the acceptor. Says *Story*, J.: "At law, no such security can be required to be given. A Court of equity, however, may, when the bill is asserted to be lost, give relief to the holder; but then it is always upon the terms that he shows satisfactory proof to establish the loss, and gives a good security for the re-payment of the money, if the acceptor shall be compelled to pay the same again to another holder." Story on Bills, sec. 447.

But this rule requiring indemnity is not applicable to the case of a bill lost after maturity, because a holder receiving it

after that time, would take it subject to the defence of payment to the former holder. The judgment is a complete bar to another action brought by any person who should receive it after maturity. This point was settled in the case of *Sloo* v. *Roberts*, 7 Ind. 128. In the case at bar it is averred that the bill was lost after the filing of the complaint. The complaint was not filed, nor was the suit instituted, until the bill matured.

We find no error in the record which should reverse the judgment.

*Per Curiam.*—The judgment below is affirmed, with costs and 1 per cent. damages.

*David McDonald,* for appellants.

*J. M. Van Trees,* for appellee.