## CARR *v.* EATON.

42    385
170   539

CONTINUANCE.—*Motion for New Trial.—Assignment of Error.*—The refusal to grant a continuance can only be presented as error by making it a cause for a new trial and assigning the overruling of that motion as error on appeal.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—The judgment below in this case was in favor of the appellee against the appellant. The errors assigned are: 1. The overruling the defendant's motion for a continuance of the cause. 2. The refusal of the court to grant a new trial, and, 3. The overruling of the defendant's motion for judgment on the special findings by the jury.

The first error assigned cannot be sustained. Where the court has improperly refused to grant a continuance, the ruling must be made the ground of a motion for a new trial, in order to present the question to this court, and then it must be done by assigning as error the overruling of the motion for a new trial. *Kent* v. *Lawson*, 12 Ind. 675; *Scoville* v. *Chapman*, 17 Ind. 470; *The Bellefontaine Railway Co.* v. *Reed*, 33 Ind. 476. This was not done in this case.

One ground on which it is claimed that a new trial should have been granted is, that the evidence is not sufficient to sustain the finding of the jury. The amount of the verdict was one hundred and nine dollars and ninety-two cents. Counsel for appellant contend that, at most, it should have been only eighty-four dollars and seventy-two cents. The evidence covering the items making up the difference, which is twenty-five dollars and twenty cents, is too conflicting to justify us in disturbing the judgment on this ground. The remaining ground is, that the court erred in giving the second and third instructions to the jury. We think there was no error in giving the instructions. The jury were told, in substance, that they should allow the accounts on each side, so far as proved, and make their verdict accordingly.

The remaining question, as to the action of the court in refusing to render judgment for the defendant on the special findings of the jury, must also be decided against the appellant. We need not set out the interrogatories to the jury and their answers thereto. It is enough to say that there is not that inconsistency of the special findings with the general verdict which would authorize us to say that judgment should have been rendered on them rather than on the general verdict. *Campbell* v. *Dutch*, 36 Ind. 504, and cases cited.

The judgment is affirmed, with five per cent. damages and costs.

*N. P. Richmond* and *C. E. Hendry*, for appellant.
*M. Bell* and *A. S. Bell*, for appellee.