## WESTERFIELD *v.* SPENCER.

PROMISSORY NOTE.—*Mortgage.*—*Action by Widow of Payee.*—*Settlement of Decedent's Estate by Heirs.*—*Parties.*— *Administrator.*— In an action by A., against B. and C., on a promissory note, and to foreclose a mortgage se-

curing its payment, both executed by B., the complaint alleged that the payee had died intestate, leaving A. as his widow and C. as his heir; that A. and C., being of full age, had made an amicable settlement of the decedent's estate, and that such note had been assigned by C. to A., by delivery, as part of her distributive share; that an administrator of such decedent's estate had been appointed, who had fully settled such estate, and been discharged from his trust, after reporting such amicable settlement by A. and C. to the proper court, which had approved the same.

*Held*, on demurrer, that the complaint shows a good cause of action in favor of the plaintiff.

*Held*, also, that such administrator was neither a necessary nor proper party to the action.

CONTINUANCE.—*New Trial.—Assignment of Error.—Supreme Court.*—Error in refusing a continuance is ground for a motion for a new trial, but can not be assigned independently as error, on appeal to the Supreme Court.

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee*, for appellant.

*I. Van Devanter*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant and others, as defendants, upon a note and mortgage executed by the appellant to one Jacob W. Spencer.

In her complaint the appellee alleged, in substance, that the appellant, on the 23d day of December, 1869, by his note, promised to pay Jacob W. Spencer one thousand dollars, which remained unpaid; that on the same day the appellant executed a mortgage conveying to said Jacob W. Spencer the real estate therein described, as security for the payment of the debt evidenced by said note, copies of which note and mortgage were filed with and made parts of said complaint; that afterward, on the — day of September, 1873, said Jacob W. Spencer died intestate, leaving the appellee, his widow, and the defendants other than the appellant, his children, as his only heirs at law; that, after the death of said Jacob W. Spencer, the defendants, his heirs, assigned, by delivery, the said note to the appellee; that the appellant, in and by said note, promised to pay reasonable attorney's fees, in case suit

was instituted on said note, which fees were worth one hundred dollars; that the principal and interest of said note, and said attorney's fees, were due and unpaid; that George White and Robert J. Spencer were duly appointed and qualified as administrators of said decedent's estate, who, as such, for the purpose of facilitating the settlement of said estate, made an arrangement with said heirs, all of whom were twenty-one years of age, by which a large amount of notes and accounts, assets of said estate, were amicably divided between said heirs; that by said arrangement the note in suit became the appellee's property, which she took and accounted as a part of her interest in said estate; that said arrangement was duly reported by the administrators and approved by the proper court; that said estate had been fully settled, and the administrators finally discharged by the court, all of which proceedings were had before the commencement of this action. Wherefore, etc.

To the appellee's complaint, the appellant, William D. Westerfield, demurred, upon the following grounds of objection:

1. Because of a defect of parties defendants, in this, that the administrators of said Jacob W. Spencer, deceased, were not made parties, nor was there any reason shown why they were not made parties;

2. Because of a defect of parties plaintiffs, in this, that the suit should have been brought by the administrators of said decedent;

3. The complaint did not state facts sufficient to constitute a cause of action;

4. The complaint did not show that the administrators of said decedent transferred, surrendered or assigned the note in suit to the appellee; and,

5. That said administrators should have been made parties defendants.

This demurrer was overruled, and the appellant excepted to this decision. All the defendants other than

the appellant voluntarily appeared, without the service of process, and answered disclaiming any interest in the note and mortgage mentioned in the appellee's complaint.

The appellant separately answered in four paragraphs, in substance as follows:

1. As to the sum of five hundred dollars, the appellant said, that so much of the note in suit was usurious, in this, that said note for one thousand dollars was given for the loan of six hundred and eighty dollars to the appellant, by said Jacob W. Spencer, in his lifetime, which latter sum was all that the appellant received; that the amount of said note over said sum of six hundred and eighty dollars, was for illegal interest, which said Jacob W. Spencer demanded, and the appellant agreed to pay, for the use and forbearance of said note until the same became due; and, as to the remainder of the amount sued for, the appellant said, that the same had been fully paid to said Jacob W. Spencer in his lifetime;

2. That said Jacob W. Spencer, in his lifetime, was indebted to the appellant in the sum of one thousand dollars, for so much money paid by the appellant to said decedent in his lifetime, for usurious and unlawful interest, which said decedent wrongfully and unlawfully obtained from the appellant, which sum the appellant asked might be set off against any amount found due on the note in suit;

3. That the appellee ought not to maintain this suit, because, the appellant said, the special defendants, the heirs and the administrators of said Jacob W. Spencer, deceased, had not been served with process, nor waived the same; and,

4. A general denial.

The appellee replied by a general denial to the affirmative paragraphs of the appellant's answer.

The issues joined were tried by the court, without a jury, and a finding was made for the appellee, in the sum of one thousand six hundred and eleven dollars and

twenty-nine cents, and for the foreclosure of the mort-
gage and sale of the property, etc., and the court ren-
dered judgment accordingly.

The appellant's motion for a new trial having been
overruled, and his exception saved to such decision, he
appealed from said judgment to this court.

The appellant has assigned as errors the following de-
cisions of the court below:

1st. In overruling his demurrer to appellee's complaint;

2d. In overruling his application for a continuance of
this cause, on account of the service of process having
been made by copy;

3. In rendering judgment, without making the heirs
of the payee of the note and mortgage parties defend-
ants; and,

4. In overruling the appellant's motion to set aside the
appearance entered and filed by the appellee's attorney.

The first point made by the appellant's counsel, in their
argument of this cause in this court, is thus stated: "The
complaint is insufficient, in not stating that there were
no debts to pay." The general rule is, that the executor
or administrator of a decedent alone can maintain an action
for the recovery of a debt due or owing to such decedent
at the time of his death. *Ferguson* v. *Barnes*, 58 Ind. 169.

As an exception to this general rule, it has been held
by this court, that the heirs at law of an intestate de-
cedent may sue for a debt owing to such decedent at the
time of his death, where such intestate decedent left no
debts to be paid, and there was no administration of his
estate. *Martin* v. *Reed*, 30 Ind. 218; *Walpole's Adm'r* v.
*Bishop*, 31 Ind. 156; *Bearss* v. *Montgomery*, 46 Ind. 544;
*Schneider* v. *Piessner*, 54 Ind. 524; *Ferguson* v. *Barnes*,
*supra;* and *Moore* v. *The Board of Comm'rs of Monroe Co.*,
59 Ind. 516.

In the case of *Schneider* v. *Piessner*, *supra*, it was said,
that, "where the heirs of the creditor sue for the debt,
the complaint should aver every fact necessary to give

them a right of action and to recover the money;" and again, "the complaint must show by its averments that the heirs suing are entitled to the money." In the case now before us, the appellee showed very clearly, we think, by the averments of her complaint, that she alone was entitled to the money sued for. She alleged, that the estate of the payee of the note in suit and mortgagee, who had died intestate, had been fully settled by his administrators; that the heirs of said decedent, all of whom were of lawful age, had an amicable distribution or division of the surplus of said estate in notes and accounts; that, in this distribution, the note in suit was taken by the appellee as a part of her interest in said decedent's estate, and was assigned to her, by delivery, by the other heirs of said decedent, and that said distribution was by said administrators reported to and approved by the proper court, and they were finally discharged. Under and by these averments, it seems to us, that the appellee showed a clear and undoubted right and title to the money, evidenced by the note and mortgage sued upon.

It is also claimed by the appellant's counsel, that the court below erred in refusing a continuance of this cause for the reason that the summons was served on him by copy, and for the purpose of bringing into court the defendants other than the appellant.

These questions are not properly presented for our consideration by the record of this cause. It is well settled by the decisions of this court, that, where the continuance of a cause, for any purpose, has been improperly refused, such decision must be assigned as a reason for a new trial, in a written motion therefor addressed to the court below, under the first statutory cause in section 352 of the practice act; otherwise, the correctness of such refusal will not be presented to, nor considered by, this court. 2 R. S. 1876, p. 179; *Kent* v. *Lawson,* 12 Ind. 675; *Scoville* v. *Chapman,* 17 Ind. 470; *The Bellefontaine Railway Company* v. *Reed,* 33 Ind. 476; and *Carr* v. *Eaton,* 42 Ind.

385. In the record of this cause, as presented to this court, there is no motion for a new trial.

The only other point made by the appellant's attorneys in their argument of this cause is, that the administrators of said Jacob W. Spencer, deceased, should have been made parties to the action. Under the averments of the appellee's complaint, that the administrators had fully settled said decedent's estate, and been finally discharged from the duties of their trust by the proper court, before the commencement of this action, it is clear, we think, that the said administrators were neither necessary nor proper parties to this suit.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.