Crawford *v.* State.

CRAWFORD *v.* THE STATE.

[No. 19,211. Filed June 26, 1900. Rehearing denied Jan. 29, 1901.]

APPEAL AND ERROR.—*Assignments of Error.*—*New Trial.*—Assignments of error which are causes for a new trial present no question for review unless first presented by motion for new trial. *p. 693.*

JUDICIAL NOTICE.—*Deputy Attorney-General.*—Courts will not take judicial notice of the official character of the deputies or assistants of the Attorney-General. *p. 694.*

CRIMINAL LAW.—*Embezzlement by Justice of the Peace.*—*Indictment.* —*Demand by Attorney-General.*—*Deputy.*—No question is presented by a motion to quash an indictment against a justice of the peace for failure to account for fines received by him because of an allegation therein that the demand was made by a person named who was Deputy Attorney-General, since the question as to whether the person named was Deputy Attorney-General was a question of fact to be established at the trial of the cause. *p. 694.*

SAME.—*Embezzlement by Justice of the Peace.*—*Fines.*—*Indictment.*— In an indictment against a justice of the peace for the embezzlement of fines collected by him, it is not necessary to negative the provision of the statute that the amount of fines collected by him did not exceed three times the amount he would be entitled to as mileage in making his report. *pp. 695, 696.*

APPEAL AND ERROR.—*Joint Assignment.*—*Instructions.*—A joint assignment of error in a motion for a new trial based upon the action of the court in giving a certain series of instructions, or refusing certain instructions, cannot prevail, unless all of the instructions given were erroneous, or all of those refused were correct. *p. 696.*

SAME.— *Misconduct of Jury.*—*Affidavits.*—*Record.*—No question is presented on appeal upon an assignment in a motion for a new trial as to the misconduct of a juror, where the affidavits filed in support thereof are not contained in the bill of exceptions. *p. 696, 697.*

OFFICERS.—*Deputies.*—*Attorney-General.*—*Prosecution of Justice of the Peace for Embezzlement.*—*Demand by Deputy Attorney-General.*—In a prosecution against a justice of the peace for the embezzlement of fines collected by him and demanded by a deputy of the the Attorney-General, defendant cannot question the right of the Attorney-General to have two deputies, since there is nothing in the law creating the office of Attorney-General and prescribing his duties which fixes the number of his deputies. *pp. 697, 698.*

EVIDENCE.—*Justices of the Peace.*—*Embezzlement.*—Where in a prosecution against a justice of the peace for the embezzlement of fines collected by him the court limited the investigation of the dockets

Crawford v. State.

of the justice given in evidence from the time of last settlement until the date of the demand made by the Attorney-General, and counsel for State read a list of cases from the dockets showing fines assessed and paid in excess of the amount reported by such justice, the jury was warranted in considering such matter as evidence in the absence of any objection made at the time by defendant. *pp. 698, 699.*

JUSTICES OF THE PEACE.—*Embezzlement.*—*Failure to Account for Fines Collected.*—Where the Deputy Attorney-General examined the dockets of a justice of the peace and failed to ascertain the correct amount of fines collected because of false entries made by such justice, such justice was as much guilty of embezzlement in failing to pay over the fines in excess of the amounts entered on his docket and demanded by the Deputy Attorney-General as if he has refused to pay over the amounts entered on the docket and demanded. *pp. 699-701.*

EMBEZZLEMENT.—*Justices of the Peace.*—*Fines Collected.*—*Indictment.* —*Description of Money.*—In an indictment against a justice of the peace for the embezzlement of fines collected by him it was sufficient to describe the sum embezzled as money, simply, without specifying any particular coin, note, bill, or currency. *p. 701.*

From the Lake Circuit Court. *Affirmed.*

*A. F. Knotts,* for appellant.

*W. L. Taylor,* Attorney-General, *J. O. Bowers, Merrill Moores* and *C. C. Hadley,* for State.

MONKS, J.—The appellant, a justice of the peace of Lake county, Indiana, was indicted for embezzlement under §2020 Burns 1894, §1943 R. S. 1881 and Horner 1897. The indictment was in four counts and charged the embezzlement of fines amounting to $500, assessed in criminal prosecutions and received and held by appellant by virtue of his office of justice of the peace. Appellant was tried and convicted on the third count, the other counts having been quashed by the court.

The fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth errors assigned are causes for a new trial, and such assignments of error, therefore, present no question for review in this court. *Zimmerman* v. *Gaumer,* 152 Ind. 552; *Burnett* v. *Milnes,* 148 Ind. 230.

·It is claimed that the said third count is bad because: (1) It shows that the demand was made by Charles B. Lockhart, Deputy Attorney-General; and (2) it is not alleged in said count that the defendant had or held, on the first Monday of July, 1897, more than three times the amount he would receive as mileage under §1516 Burns 1894, §1448 R. S. 1881 and Horner 1897.

The Attorney-General in person or by his deputies and assistants is authorized to demand and recover from justices of the peace fines assessed in criminal prosecutions which they have received and hold in their official capacity and have failed to pay over to the county treasurer as required by §§1515, 1516 Burns 1894, §§1447, 1448 R. S. 1881 and Horner 1897.

Courts will not take judicial notice of the official character of the deputies or assistants of the Attorney-General. 1 Greenleaf on Ev. §6; 17 Am. & Eng. Ency. of Law (2nd ed.) 919; *Slaughter* v. *Barnes,* 3 Marshall (Ky.) 412, 13 Am. Dec. 190, and note p. 192. No question, therefore, of the official character of said Lockhart, when he made the demand alleged, is presented by the motion to quash. Whether or not he was Deputy Attorney-General as alleged was a question of fact to be established at the trial of the cause.

It is alleged in said third count that the demand was made September 14, 1897, for the money collected before July 5th, the first Monday in July, 1897.

It is provided by statute that "Each justice of the peace shall, on the first Monday in January, and on the first Monday in July of each year, make a report to, and pay over to, the county treasurer of his respective county all fines collected by him since his last previous report, verifying such report by oath: Provided, that at the time of making such report the amount of the fines collected shall exceed three times the amount that he would be entitled to draw from the county as mileage in making such report.

Where the amount of fines collected by any justice of the peace does not exceed three times the amount that he would be entitled to as mileage in making such report, he shall report by writing to the treasurer of the county the exact amount of fines collected by him, and retain the same until the next semiannual settlement: Provided, that at the expiration of his term of office he shall make full report, and pay over to the treasurer all fines collected by him and not heretofore paid." §§1515, 1516 Burns 1894, §§1447, 1448 R. S. 1881 and Horner 1897.

It is the duty of the Attorney-General under §7692 Burns 1894 (§9, Acts 1889, p. 126) to compel the payment by justices of the peace of all fines received by them in their official capacity which they have failed, neglected or refused to pay over to the proper county treasurer, as required by said §§1515, 1516, §§1447, 1448, supra. State v. Denny, 67 Ind. 148; Carr v. State, 81 Ind. 342.

Section 2020 Burns 1894, §1943 R. S. 1881 and Horner 1897, provides that any justice of the peace who shall fraudulently fail or refuse, at any time during the term for which he was elected, when legally requested by the proper person or authority, to account for, deliver and pay over to such person all moneys that may come into his hands by virtue of his office, shall be deemed guilty of embezzlement.

It will be observed that the statute requiring the semiannual report from justices of the peace, provides for such report and for the paying over to the county treasurer of all funds collected by him since the last report. The exception that the report is not required if the fines collected shall not exceed three times the mileage he would be entitled to draw from the county, is not so incorporated in the statute as to become a part of the enacting clause thereof, §1515 §1447, supra.

In a suit by the Attorney-General, on the official bond of appellant as justice of the peace, to recover said fines, it

would not be necessary to negative in the complaint the exception mentioned in said proviso or prove it at the trial, because the same is not a part of the enacting clause and is therefore a matter of defense. Black on Interpretation of Laws, p. 272; Sedgwick on Stat. Const. (2nd ed.) 50; *Trustees of First Baptist Church* v. *Utica, etc., R. Co.,* 6 Barb. 313; *Vavasour* v. *Ormrod,* 6 Barn. & Cress. 430.

The same rule prevails in criminal pleading in this State. *Hewitt* v. *State,* 121 Ind. 245, 246, 247, and cases cited; *Mergentheim* v. *State,* 107 Ind. 567; *State* v. *Maddox,* 74 Ind. 105; *State* v. *Stapp,* 29 Iowa 551; Gillett's Crim. Law, §132a; 1 Bishop's Crim. Proc. §631 *et seq.;* Wharton's Crim. Pl. & Pr. (9th ed.) §§238, 239.

If in such civil action by the Attorney-General it is not necessary to negative the proviso, it is evident that it is not necessary to negative the same in the indictment in this case. It follows that the court did not err in overruling appellant's motion to quash the third count of the indictment.

It is assigned as a cause for a new trial that the court erred in giving instructions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18 and 19. To render this cause for a new trial available all the instructions named must be erroneous. *Masterson* v. *State,* 144 Ind. 240, 246 and cases cited; *Conrad* v. *State,* 144 Ind. 290, 297; *Lawrence* v. *Van Buskirk,* 140 Ind. 481, 482.

It is not claimed by appellant that there was any error in giving instructions 1, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17 and 18. Said cause for a new trial must therefore fail.

The assignment of the court's refusal to give the instructions requested by appellant, as a cause for a new trial, was also joint as to all instructions refused. As it is not claimed that all refused were correct, for the same reason this cause for a new trial presents no available error. *Conrad* v. *State,* 144 Ind. 290, 297.

Misconduct of a juror is assigned as a cause for a new

trial but as the affidavits filed in support thereof are not contained in a bill of exceptions, there is nothing in the record to sustain the same. *Siple* v. *State,* 154 Ind. 647; *Graybeal* v: *State,* 145 Ind. 623, and cases cited; *Reed* v. *State,* 147 Ind. 41, 48.

That the verdict is contrary to the evidence, and that the same is contrary to law are assigned as causes for a new trial. It is insisted that there is no evidence that Charles B. Lockhart was Deputy Attorney-General as alleged in the indictment. Said Charles B. Lockhart testified at the trial in substance that he was Deputy Attorney-General of the State of Indiana and had been since January 1, 1896; that from January 1, 1896, until the trial of said cause he was the only traveling deputy of the Attorney General's office; that he was acting in the capacity of Deputy Attorney-General when he examined the dockets of appellant and made the demand alleged in the indictment. It is clear under the authorities that this insistence of appellant can not be sustained. 1 Greenleaf on Ev. (16th ed.) §563g; 1 Phillips on Ev. (4th Am. ed.) 592 and notes, (5th Am. ed.) 489, and notes; Wharton on Ev. §164; *Wilcox* v. *Smith,* 5 Wend. 231; *Commonwealth* v. *McCue,* 82 Mass. 226; *Commonwealth* v. *Kane,* 108 Mass. 423.

Appellant contends that the law only provides for one Deputy Attorney-General. There is nothing in the law, creating the office of Attorney-General and prescribing his duties, which fixes the number of his deputies. His right to discharge his official duties by deputy is recognized by statute. (§§7689, 7694 Burns 1894.). And it is provided that he shall have such deputies as the Governor, Secretary and Auditor of State may deem necessary. §7696 Burns 1894, §5671 R. S. 1881 and Horner 1897. The salary law of 1895 (Acts 1895, §6, p. 320, §6410 Burns Supp. 1897), fixes the salaries for two deputies for the Attorney-General. The General Assembly at each session since 1895 has made provision for the payment of two depu-

ties for the Attorney-General. Under such circumstances it is evident that appellant can not in this case question the right of the Attorney-General to have two deputies.

Appellant insists that the evidence discloses that he paid over to Lockhart, deputy Attorney-General, and other persons authorized by law to receive the same, more money than he received for fines prior to the first Monday in July, 1897. Under the law appellant was only required to pay over to the Deputy Attorney-General, in September, 1897, when the demand was made, fines collected by him prior to the first Monday in July, 1897, and the indictment only charges the embezzlement of money received for fines prior to that date.

The evidence shows that in September, 1895, Leach, Deputy Attorney-General, received from appellant, a justice of the peace, fines collected by him before that date; that on June 24, 1896, appellant reported and paid over to the treasurer of Lake county fines collected by him before that date amounting to $83.05, and that he paid over to Lockhart, Deputy Attorney-General, in September, 1897, $88.83, making a total of $171.88 since the settlement with the Deputy Attorney-General in September, 1895. The evidence shows that appellant, as justice of the peace, since the settlement in September, 1895, collected fines amounting to much more than $171.88. Appellant contends, however, that the evidence does not show that fines in excess of $171.88 were collected prior to the first Monday in July, 1897. It appears from the record that when the State was giving evidence in regard to the fines collected by appellant, he, by counsel, objected to any evidence of fines received by him after the first Monday in July, 1897, which objection was sustained and the court ruled that the State was limited to evidence of fines collected by appellant after the settlement with the Deputy Attorney-General in September, 1895, and before the first Monday in July, 1897. Appellant by counsel suggested that they could go over the

Crawford *v.* State.

dockets more rapidly if appellant and his counsel and counsel for the State "would go over the books and we might agree what the books showed, we can run over it more rapidly." The court granted said request. Afterwards counsel for the State stated that he would take "the cases in their order" and, without objection from appellant, read a list of cases showing title and amount of fines assessed and paid. The date of the assessment of the fine and date of payment were given in some cases and in some they were not. In no case did the evidence show that the fine was assessed or paid after the first Monday in July, 1897. If any of said fines were paid after said date, appellant should have objected to the same for that reason, but no objection was made by appellant to said evidence or any part of it. In view of the ruling of the court and what was said by court and counsel before the evidence was given, the jury clearly had the right to consider the same as evidence of payments made to appellant prior to the first Monday in July, 1897. Only payments of fines made to appellant prior to that date were admissible in evidence, and the court had so held. There was evidence, therefore, which warranted the jury in finding that appellant, as a justice of the peace, received of fines prior to July 5, 1897, much more than the $171.88, which he had paid over to persons authorized to receive the same.

It is next insisted that the evidence shows that Lockhart only demanded $88.83 of appellant, which he paid, and that therefore there was no embezzlement under §2020 Burns 1894, §1943 R. S. 1881 and Horner 1897. It appears from the evidence that Lockhart, acting as Deputy Attorney-General, in September, 1897, examined the dockets kept by appellant as justice of the peace, and made a list of the fines collected by him as such justice of the peace since the settlement made with appellant by Leach, a former Deputy Attorney-General; that the amount of the fines so listed as collected by appellant, after giving him credit with the amount of $83.05 reported and paid to the county treasurer

June 24, 1896, was $88.83; that Lockhart, as such deputy, demanded the same from appellant who paid over on such demand $28.83, and Lockhart informed him that he would return in about two weeks when he must pay the balance. Lockhart afterwards returned and appellant paid him $60.

The evidence shows, however, that in a number of cases persons were fined by appellant as justice of the peace, and the fines and costs paid, and that the fines entered on the docket in such cases were for much smaller sums than those assessed and collected. In one case the fine assessed and paid was $20, and appellant entered judgment on his docket in said case for a fine of $1. In a number of instances fines were assessed at $5, and $10 and paid, and appellant entered the same on his dockets as fines for only $.25 and $1.

The Deputy Attorney-General in September, 1897, made his list of fines collected upon the basis of the fines as entered upon appellant's dockets. While Lockhart, as Deputy Attorney-General, made demand for the amount of fines collected by appellant, as shown by the list made from appellant's dockets, yet in legal effect it was a demand for all fines collected by appellant prior to the first Monday in July, 1897; and it was the duty of appellant on such demand to pay over to the Deputy Attorney-General all fines collected prior to said date and not paid over to the proper officer. It was the duty of the Attorney-General to collect all fines received by appellant prior to the first Monday of July, 1897, and not paid over to the proper officer. The Deputy Attorney-General examined the dockets kept by appellant, as justice of the peace, for the purpose of ascertaining the amount of fines received by appellant prior to that date. He failed to ascertain the correct amount because of false entries made by appellant, as justice of the peace, in his dockets, showing fines for less amounts than were assessed and collected by him in said cases. Appellant, in failing to pay over on said demand the part of the fines assessed and collected by him in excess of the fines

entered on his docket as assessed and paid in such cases, was as much guilty of embezzlement under the statute as if he had refused to pay over the $88.83 on said demand.

Appellant next insists that the verdict is contrary to law because there was no evidence to sustain the allegation in the indictment that the kind and description of the money embezzled was unknown to the grand jury. The money alleged to have been embezzled by appellant is described as $500 which "then and there circulated as money of the United States of America and then and there of the value of $500, a more particular description of which money is to the grand jury unknown and can not be given." It was sufficient to describe in the indictment said $500 as money, simply without specifying any particular coin, note, bill or currency. §1819 Burns 1894, §1750 R. S. 1881 and Horner 1897. *Taylor* v. *State,* 130 Ind. 66; *Hammond* v. *State,* 121 Ind. 512; *Rains* v. *State,* 137 Ind. 83.

It was not necessary to prove the value of the money. *McCarty* v. *State,* 127 Ind. 223.

The allegation in regard to a more particular description of the money being unknown to the grand jury, was not necessary to the sufficiency of the indictment. The money was sufficiently described under the laws of the State, and the fact that a more particular description was unknown to the grand jury was immaterial. The proof of said allegation was unnecessary. *Taylor* v. *State, supra.*

Finding no available error in the record, the judgment is affirmed.