ANDERSON v. VAN BUREN CIRCUIT JUDGE.

Criminal Law — Information — Statement of Offense — Local Option Law.

An information against a druggist for making sale of intoxicating liquors contrary to Act No. 183, Pub. Acts 1899, which charges "that the sale was not made under and in compliance with the general laws of the State of Michigan," is insufficient, as it does not apprise the respondent of the nature of the violation.

*Mandamus* by David Anderson, prosecuting attorney of Van Buren county, to compel John R. Carr, circuit judge of said county, to vacate an order quashing an information. Submitted April 22, 1902. (Calendar No. 19,215.) Writ denied June 3, 1902.

*David Anderson, in pro. per.*

*Thomas J. Cavanaugh* and *Hammond & Hammond,* for respondent.

Hooker, C. J. An information was filed against one Goodrode charging him with a violation of what is known as the "Local Option Law," as amended by Act No. 183 of the Public Acts of 1899. The following is a copy of the substance of the information:

"He, the said Jesse E. Goodrode, being then and there a druggist, whose business consisted in part in the sale of

drugs and medicines, did then and there sell, furnish, and deliver a certain quantity of malt, brewed, fermented, and intoxicating liquors, to wit, one bottle of beer, to one George Lannin, the aforesaid malt, brewed, fermented, and intoxicating liquor, to wit, said one bottle of beer, so sold, furnished, and delivered by the said Jesse E. Goodrode to the said George Lannin at the township of South Haven, and in the county aforesaid, not being then and there sold, furnished, and delivered under and in compliance with the requirements and restrictions imposed upon druggists and registered pharmacists by the general laws of the State of Michigan, but said malt, brewed, fermented, and intoxicating liquor, to wit, said one bottle of beer, then and there so sold, furnished, and delivered by the said Jesse E. Goodrode to the said George Lannin, being then and there so sold, furnished, and delivered contrary to the provisions of a certain resolution adopted by the board of supervisors of the county of Van Buren, State of Michigan, on the 4th day of March, A. D. 1890, in pursuance of the provisions of Act No. 207 of the Public Acts of the State of Michigan for the year 1889, the aforesaid selling, furnishing, and delivering of said malt, brewed, fermented, and intoxicating liquor having been then and there done as aforesaid by the said Jesse E. Goodrode in violation of and contrary to the provisions of said Act No. 207 of the Public Acts of the State of Michigan for the Year 1889 and the acts amendatory thereto, and contrary to the form," etc.

Upon arraignment a motion was made on the defendant's behalf that the information be quashed on the ground that it charged no offense within the language of section 5381 of the Compiled Laws of 1897, and this motion was granted. A refusal by the circuit judge to vacate this order was followed by this application to compel such action, and a trial of the case.

The only question involved is whether it was sufficient to charge, in the language of the act of 1899, "that the sale was not made under and in compliance with the general laws of the State of Michigan." It is claimed that the defendant had a legal right to be informed of the nature of the violation, that he might know how to prepare for his defense. It is truly said that under 2 Comp. Laws, §

5381, many sales by druggists are prohibited,—such as sales to minors, to intoxicated adults, to one having the habit of getting intoxicated, to Indians, to persons of Indian descent, against the prohibition of a written notice, to be used as a beverage, to be drank upon the premises, sold mixed with any beverage drawn from a soda fountain. Again, it is an offense to sell without recording, and, under section 25, to sell without sending a list of sales weekly to the prosecuting attorney. It is manifest that the information in question fails to give any inkling of the nature of the violation, and the defendant must come prepared to negative any claim that may be made under the general statement that his sale was not in compliance with law.

The writ will be denied.

MOORE, GRANT, and MONTGOMERY, JJ. concurred. LONG, J., did not sit.