## YAZEL v. THE STATE.

[No. 21,152. Filed June 5, 1908.]

1. INDICTMENT AND INFORMATION.—*Negativing Exceptions or Provisos in Statute.*—It is not necessary, in an indictment, to negative the exceptions or provisos in the statute, where they form no part of the definition of the offense, or are in subsequent sections of the statute, or are set out in separate provisions of the same section. p. 538.

2. SAME.—*Intoxicating Liquors.—Keeping Place for Unlawful Sales.—Negativing Exceptions.*—Under §8351 Burns 1908, Acts 1907, p. 689, §1, providing "that any person not being licensed" to sell intoxicating liquors, and "any person who shall keep, run or operate a place" where such liquors are sold unlawfully, shall be guilty of a misdemeanor, an indictment under the first part must charge that defendant was not licensed, but under the second part, such charge, as well as that defendant was not a wholesaler, is unnecessary, though there is a subsequent proviso exempting wholesalers from the provisions of such statute, a license constituting no defense to a charge under the second part. p. 538.

3. SAME.—*Duplicity.—Intoxicating Liquors.—Keeping Place for Unlawful Sales.—Proof.*—Under §8351 Burns 1908, Acts 1907, p. 689, §1, declaring that "any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away" unlawfully, "*or* any person who shall be found in possession of such liquors for such purposes," shall be guilty of a misdemeanor, an indictment charging that defendant kept, ran and

operated such a place, *and* had such liquors in his possession for such purpose, is not bad for duplicity, one crime only being charged, proof of the violation of one or both provisions thereof being sufficient. p. 538.

4. TRIAL.—*Motion for Continuance.—Ground for.—New Trial.—Appeal.—Criminal Law.*—The ruling on a motion for a continuance constitutes ground for a new trial, and cannot be assigned, as error, independently on appeal. p. 539.

5. SAME.—*Judgment.—Motion in Arrest.—New Trial.—Appeal.*—The filing of a motion in arrest of judgment, in a civil or criminal case, with certain exceptions, cuts off the right to move subsequently for a new trial; and an assignment, on appeal, that the court erred in overruling such motion for a new trial, cannot be considered. p. 539.

From Daviess Circuit Court; *Hileary Q. Houghton,* Judge.

Prosecution by the State of Indiana against Archibald Yazel. From a judgment of conviction, defendant appeals. *Affirmed.*

*Gardiner, Tharp & Gardiner* and *T. M. Sears,* for appellant.

*James Bingham,* Attorney-General, *E. M. White, A. G. Cavins* and *H. M. Dowling,* for the State.

MONKS, J.—Appellant was convicted under that part of section one of an act of 1907 (Acts 1907, p. 689, §8351 Burns 1908) which makes it an offense to "keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of this State," or to "be found in possession of such liquors for such purpose."

The errors assigned and relied on for reversal are: (1) the overruling of appellant's motion to quash the affidavit; (2) the overruling of appellant's motion for a continuance of said cause; (3) the overruling of appellant's motion in arrest of judgment; (4) the overruling of appellant's motion for a new trial.

Appellant first insists that the "affidavit is fatally defective for the reason that it does not state that appellant

was not a licensed liquor dealer, or that he was not a licensed pharmacist, or a wholesale liquor dealer.''

Section 8351, *supra,* is as follows: ''That any person not being licensed under the laws of the State of Indiana who shall sell or barter, directly or indirectly, any spirituous, vinous, or malt liquors except as herein provided, or who shall sell or barter, directly or indirectly, any spirituous, vinous or malt liquors to be drunk, or suffered to be drunk in his house, outhouse, yard, garden or appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in any sum not less than $50 nor more than $100 for the first offense, and not less than $100 nor more than $500, to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months for the second or any subsequent offense. *And any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State, or any person who shall be found in possession of such liquors for such purpose shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than $50 nor more than $500, to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months:* Provided, that none of the provisions of this act shall apply to any person, firm or corporation engaged as a wholesale dealer who does not sell in less quantities than five gallons at a time and provided that none of the provisions of this section shall apply to any druggist or pharmacist who is licensed as such by the state board of pharmacy: Provided, further, that a wholesale dealer as used in this act, shall be construed to mean a person, firm or corporation whose sole business in connection with the liquor traffic is to sell at wholesale to retail dealers licensed by the laws of the State, or to wholesale liquor dealers or

to druggists or pharmacists who are licensed as such by the state board of pharmacy.'' (Our italics.)

It is well settled that it is not necessary to negative an exception or proviso in a statute, unless it forms a part of the definition of the offense. If the exception is in a 1. subsequent section, or in a separate proviso in the same section, it need not be negatived. *Hewitt* v. *State* (1889), 121 Ind. 245-247, and authorities cited; *Crawford* v. *State* (1901), 155 Ind. 692, 695, 696, and authorities cited; *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112, 114, and authorities cited; Gillett, Crim. Law (2d ed.), §132a; Wharton, Crim. Pl. and Pr. (9th ed.), §§238, 239.

Under this rule it is evident that an affidavit charging an offense under the first part of said section not in italics, it must be alleged that the person so charged was not 2. licensed under the laws of this State, because this is a part of the definition of said offense; but it is no part of the definition of the offense, created by the clause in italics, under which this case is prosecuted, that the person should not have a license. A person licensed under the laws of this State to sell intoxicating liquors who shall ''keep, run, or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of this State,'' or ''who shall be found in possession of such liquors for such purpose,'' is guilty of a violation of said clause, and his license is no defense. It is clear under the rule of pleading already mentioned that it was not necessary to negative the exceptions contained in the proviso in said section.

It is next urged by appellant that, as the affidavit charged appellant with unlawfully keeping, running and operating a place where intoxicating liquors were sold in vio- 3. lation of the laws of this State, and with keeping in his possession intoxicating liquors for the purpose of making such unlawful sales of the same, two crimes are charged, and the same is bad for duplicity. We think but

one offense was charged under said clause, and that the affidavit was not bad for duplicity under the rule declared in *Selby* v. *State* (1904), 161 Ind. 667, 671, 672, and authorities cited; *Rosenbarger* v. *State* (1900), 154 Ind. 425; *State* v. *Fidler* (1897), 148 Ind. 221, and cases cited; *Fahnestock* v. *State* (1885), 102 Ind. 156; *Anderson* v. *Van Buren Circuit Judge* (1902), 130 Mich. 697, 701, 90 N. W. 694; 1 Bishop, Crim. Proc. (4th ed.), §436. In *Donovan* v. *State* (1908), *ante*, 123, this court stated a rule as to the sufficiency of an affidavit under a part of a statute substantially the same as the part of the statute involved in this case. It is evident that the objections urged to said affidavit are not tenable.

The second assignment, "that the court erred in overruling appellant's motion for a continuance," presents no question, for the reason that such a ruling is a ground 4. for a new trial, and cannot be assigned as independent error. *Carr* v. *Eaton* (1873), 42 Ind. 385; *Arbuckle* v. *McCoy* (1876), 53 Ind. 63, 64; *Hughes* v. *Ainslee* (1867), 28 Ind. 346, 347; *Kent* v. *Lawson* (1859), 12 Ind. 675, 74 Am. Dec. 233; *Nichols* v. *State, ex rel.* (1879), 65 Ind. 512; *Westerfield* v. *Spencer* (1878), 61 Ind. 339; Buskirk, Prac. on Appeal, 224; Elliott, App. Proc., §848; Ewbank's Manual, §41.

The record shows that the motion in arrest of judgment was made and overruled before the motion for a new trial was filed. It is held in this State that, where "the 5. motion in arrest of judgment preceded the motion for a new trial, the right to move for a new trial was cut off, and cannot be considered." *Cincinnati, etc., R. Co.* v. *Case* (1890), 122 Ind. 310, 316; *Mason* v. *Palmerton* (1850), 2 Ind. *117; *Rogers* v. *Maxwell* (1853), 4 Ind. 243; *Sherry* v. *Ewell* (1853), 4 Ind. 652; *Hord* v. *Noblesville* (1854), 6 Ind. 55; *Doe* v. *Clark* (1855), 6 Ind. 466; *Smith* v. *Porter* (1854), 5 Ind. 429; *Marion, etc., R. Co.* v. *Lomax* (1856), 7 Ind. 406; *Anthony* v. *Lewis* (1856), 8 Ind,

339; *Van Pelt* v. *Corwine* (1855), 6 Ind. 363; *Bates* v. *Reiskenhianzer* (1857), 9 Ind. 178; *Shrewsbury* v. *Smith* (1859), 12 Ind. 317; *Daily* v. *Nuttman* (1860), 14 Ind. 339; *Eckert* v. *Binkley* (1893), 134 Ind. 614, 616; Elliott, App. Proc., §834. The same rule applies in criminal cases. *Gillespie* v. *State* (1857), 9 Ind. 380; *Bepley* v. *State* (1853), 4 Ind. 264, 58 Am. Dec. 628; Gillett, Crim. Law (2d ed.), §955; 1 Bishop, Crim. Proc. (4th ed.), §1268, p. 778. Under the authorities here cited, there may be exceptions to this rule, but appellant has not brought himself within any of them.

Appellant having, by first moving in arrest of judgment, waived his right to move for a new trial, no question is presented by the fourth error assigned calling in question the action of the court in overruling said motion.

Finding no available error, the judgment is affirmed.