## Case No. 10,867.

PEABODY v. DENTON et al.

[2 Gall. 351.] 1

Circuit Court, D. Massachusetts. May Term, 1815.

EVIDENCE OF LOST NOTE — DEMAND OF PAYMENT WITHOUT PRODUCING NOTE—NOTARIAL COPY.

1. Of the evidence to prove a lost note see 1 Greenl. Ev. § 558, note 1, where all the cases are cited.

[Cited in brief in Boteler v. Dexter, 20 D. C. 27. Cited in Adams v. Baker, 16 R. I. 2, 11 Atl. 168.]

2. A notarial copy was permitted to go to the jury, as a fair ground for presuming, when taken in connexion with the testimony of a witness, that the paper exhibited to the notary was the same, which had been in the witness's possession, and acknowledged by one of the defendants.

[3. Cited in Moore v. Fall, 42 Me. 454, and in Morse v. Bellows, 7 N. H. 569, to the point that, when a demand is made of the maker of a note, the note itself should be produced, otherwise the debtor may well refuse to pay, on the ground that he has a right to have his obligations or contract, or to see it canceled, when he is called upon to discharge it.]

Assumpsit on a promissory note made by the defendants and two others, at Aux Cayes, in the year 1797, signed "Denton & Co." and "Nathan Brothers & Co." and endorsed by the payee, Endicott, to the plaintiff. The defendants pleaded: (1) The general issue; (2) non assumserunt infra sex annos; (3) actia non accrevit infra sex annos, &c.

At the trial, the original note was not produced, but a witness, on behalf of the plaintiff, stated, that in the year 1797, at the request of the plaintiff, he carried the note to Aux Cayes, to collect; that Hall and Brothers, the other promissors, having failed, he demanded payment of Denton, who admitted the note to be due; that he did not bring back the note, but lost it in some manner

1 [Reported by John Gallison. Esq.]

unknown to himself; that Endicott was a ship master in the service of the plaintiff, and in that capacity was in Aux Cayes about 1796 or 1797; that he did not recollect the note to have been endorsed by Endicott, but presumed it was so; that the note was never paid to him; that he conversed with Hall about the note, but did not remember to have shown it to him. The plaintiff also produced a letter from Denton to his agent, Wellman, dated Leeds, 29th of April, 1805, containing these words: "If you obtain payment of my ordinances, I wish you to pay the amount of the note in favor of Endicott." A paper was also offered in evidence by the plaintiff, which purported to be a notarial copy of the note declared on. It began as follows: "The following recorded by Captain Joseph Peabody, 17th May, 1797." Then followed a copy of the note and endorsements, with a certificate of the clerk of the common pleas for the county of Essex, that the whole was truly copied from notarial records deposited in his office.

Mr. Prescott, for defendants, objected to this paper's going to the jury. It could be evidence of nothing, but that a paper of similar tenor was shown to the notary. There was no evidence to prove, that the paper, thus exhibited and copied, was the same, which had been in the hands of the plaintiff's witness, for the witness did not recollect any date or sum, by which to identify it. Though, in the present case, the plaintiff's character was a sufficient guarantee against any fraudulent proceeding, yet the rules of evidence were necessarily general, and if a notarial copy be admitted as evidence, not only of the existence of the paper, but of its genuineness, it would be easy to fabricate a writing for the very purpose of founding a demand on the copy, at some distant time. At any rate, the copy could not be evidence of the amount of the note.

Mr. Saltnostall, for plaintiff.

STORY, Circuit Justice. I have no doubt, that the copy is admissible, to prove that such a paper was exhibited to the notary, though it could not of itself be evidence, that the paper was genuine. Connected with the testimony of the witness, however, it affords a fair ground of presumption, to be left to the jury, that the paper copied by the notary was the same, which the witness carried to Aux Cayes, and which was there recognised by Denton.

Mr. Prescott then objected to the competency of the whole evidence to support the plaintiff's action, contending that there was no proof of the signing of the note by Nathan Brothers and Co., and that the note might still be in existence, and be again demanded of the defendants by a bona fide holder.

But it was the opinion of THE COURT, that after so great a lapse of time, it was incumbent on the defendants to show, either that the note existed, or that it had been demanded of them; and that it must be presumed, that no demand would now be made.

Verdict for plaintiff.

NOTE. It appeared that the defendants were domiciled in a foreign country, which was a sufficient answer to the plea of the statute of limitations, unless it were shown by the defendants, that they had been within the country since the making of the note.