SLOO v. ROBERTS and Another, Administrators.

When a negotiable note is put in circulation and lost before due, if it is not shown to have been indorsed, it must be made to appear not only that the note has been lost, but also that it was not indorsed; but if the note is lost after due, the fact that it was not indorsed need not be shown.

If the Court, having instructed the jury erroneously upon a point, afterward correct the mistake by giving a legal charge on the subject, the error is cured.

*Friday,*
*November 30.*

APPEAL from the *Knox* Circuit Court.

DAVISON, J.—Assumpsit by *George L.* and *James H. Roberts*, administrators of *Edmund Roberts*, deceased, against *Albert G. Sloo*, the assignor of a promissory note made on the 17th of *May*, 1837, by one *Andrew Heredeth*, at *Alton, Illinois*, whereby he promised to pay to the order of said *Sloo*, twelve months after date, 1,462 dollars and 50 cents. Before the day of payment arrived, *Sloo* assigned the note to *Edmund Roberts*. It is averred in the declaration that said note is lost; also that when it became due, *Heredeth* was utterly insolvent, and continued so up until his death, which occurred in *September*, 1839, so that a suit against him would have been unavailing; further, that his estate was insolvent and no part of the money was paid, &c.

The defendant pleaded the general issue, and, in addition, filed his answer alleging—

1. That the note and assignment were made in *Illinois*, and by the laws of that state, the defendant, as assignor, would only be liable "if the assignee shall have used due diligence by the prosecution of a suit, &c., unless the institution of such suit would have been unavailing, or the maker of the note had absconded, or left the state, when it became due." Averment, that the present note became due *May* 17, 1838; that the maker of it had never absconded, nor had he then left the state; and that a suit would not have been unavailing, &c.

2. That the maker of the note, when it became due, and from that time continuously up until his death, had property in his possession, and subject to execution, wherewith to pay and satisfy said note, &c.

3. That the note, having been made and indorsed in *Illinois*, was, by the laws of that state, negotiable as bills of exchange are negotiable, by indorsement, and that the same is not destroyed, &c.

To the answer the plaintiff replied, that a suit instituted and prosecuted on said note against the maker thereof, would have been unavailing; that the maker had not property as in said answer stated; and that the note was specially indorsed to *Edmund Roberts*, in these words: "Pay to *E. Roberts*, or order;" and upon it there was no other indorsement.

Trial by jury. Verdict for the plaintiffs. Motion for a new trial overruled, and judgment on the verdict.

The following is the note and assignment:

"$1,462 50. *Alton, May* 17, 1837. Twelve months after date, I promise to pay to the order of *A. G. Sloo*, fourteen hundred sixty-two dollars and fifty cents, value received. [Signed] *Andrew Heredeth*." Indorsed, "Pay to *E. Roberts* or order. *A. G. Sloo*."

*Heredeth* died in *September*, 1839. The note had become due on the 17th of *May*, 1838, and from that date up until his death, he was reputed insolvent—had no property subject to execution, and nothing could have been collected of him by legal proceedings. On the 29th of *April*, 1841, *Roberts* placed the note in the hands of one *Thomas Lewis*, the administrator of *Heredeth's* estate, who filed it as a claim against said estate in the probate office of *Sangamon* county, *Illinois*. The note was subsequently allowed, and upon final settlement of the estate, received its *pro rata* dividend, amounting to 14 dollars and 82 cents. The plaintiffs, by their own affidavits, showed that the note never was in their possession; that they had carefully searched for it in all the places where their intestate usually kept his papers, but it could not be found, and, in their belief, it was lost or destroyed. The administrator of *Heredeth*, and the clerk of the probate office, both testified on the trial that they had made diligent search in their respective offices for the note, in places therein where such papers are usually kept, and were unable to find it.

They concurred in the belief that it was lost. One witness, *Moffit*, the probate justice of said county, deposed that subsequent to *August*, 1843, there was a copy of said note and assignment in said office.

The note, it appears, was in the possession of *Roberts* nearly three years after due, when he caused it to be filed in the probate office. He was its legal owner, and it could not have been put in circulation, as negotiable paper, without his indorsement. But, one witness states, that a copy of the note was in the office. Hence, the appellant's counsel propounds this inquiry: "Is it not a reasonable conclusion to be drawn from the fact that a copy is on file, and not the original, that the original has been withdrawn?" He, then, argues thus: "And if withdrawn, by whom but the owner, *Roberts*, or his representative? There is no evidence, by affidavit or otherwise, that this note was not withdrawn by *Roberts*, and there is no evidence that it has not been put in circulation by him. When destruction is not shown, not only the loss of the note, but also that it has not been indorsed, must be shown." This reasoning, in its application to the facts of the present case, is, in our opinion, untenable. The assumption that the note was withdrawn from the probate office, does not appear to rest on sufficient ground. Is it not just as reasonable a conclusion from the evidence, that the copy in the office was left there instead of a note which had been lost, as to supply the place of one not lost, but withdrawn?

But, it is said, that "when the destruction of a note is not shown, not only its loss, but also that it was not indorsed, must be shown." This position is sustained by authority, and, as a general principle, applicable to negotiable paper, put in circulation and lost before due, is correctly stated. The reason is this: if the maker of such lost paper should be compelled to pay, such payment would be no bar to the recovery in the hands of an innocent holder who had received it before due. Hence, a double recovery might be had upon the same instrument. The rule, however, would not apply where a negotiable note was lost after due, because in that case the party

receiving it after the loss, takes the note on the credit of the indorser, and must stand in the situation of the person who was holder at the time it was due. So if a recovery be had by such holder on such lost note, it would constitute a complete bar to another action brought by any person who should receive it after due. The decisions on this subject are not uniform, but the weight of authority seems to accord with the view we have taken. *Glover* v. *Thompson*, 21 Eng. Com. Law R. 780.—*Hansard* v. *Robinson*, 14 *id.* 90.—*Pintard* v. *Tackington*, 10 Johns. 104.—*Renner's Case*, 9 Wheat. 581.—*Chitty* on Bills 217.—*Thayer* v. *King*, 15 Ohio 242. In the present case, however, we perceive no difficulty, because the evidence fairly induces the conclusion that the note sued on is lost and out of circulation.

The Court, at the request of the plaintiffs, charged the jury, that although *Heredeth* may possibly have had some pecuniary means, unless those were such as would be liable to be levied on by execution, the institution of a suit would not be necessary. An exception was taken to this instruction. Subsequently, however, the Court, upon the defendant's motion, charged, that to excuse the institution of a suit on the ground that the same would be unavailing, an entire want or destitution of property subject to execution must be shown, and proof of notorious insolvency will not be sufficient. These instructions, it will be seen, relate to the same point in the case. They are pertinent to the evidence, and in our opinion substantially the same, with this exception: the latter gives to the jury the more full and accurate exposition of the law. It was given at the instance of the defendant, and we think he has no right to complain of the former instruction, even if it was erroneous. It has been decided, that "if the Court charge the jury erroneously upon a given point, but afterwards correct the mistake, by giving a legal charge on the same subject, there is no error." *Gronour* v. *Daniels*, 7 Blackf. 108.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the appellant.