*W. A. Bickle* and *C. H. Burchenal*, for appellee.

MOREHOUSE
v.
POTTER.

------------------------->-•-◊-•-◄------------------------

MOREHOUSE and Another *v.* POTTER and Others.

A person appearing as *amicus curiæ*, can not take an exception to the ruling of the Court.

The payee of a note who has assigned it in writing, is not a necessary party to an action on the note; but, though joined improperly, unless prejudice results to the other defendants, the error will not be noticed.

The record of a mortgage may, in an action for foreclosure, be given in evidence without accounting for the absence of the original.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.— Suit on note, and to foreclose a mortgage, against *Silas* and *Benjamin Morehouse, Barnard,* and *Oiler.*

*Friday, January 25.*

The return upon the summons shows a service upon all of the defendants; upon *Benjamin Morehouse* by copy.

*Gregory,* as *amicus curiæ*, moved, upon written statement and affidavits, to set aside the return as to said *Benjamin.* The motion was overruled, and exception taken by *Gregory* in that capacity. We have heretofore decided that an exception can not be taken by one appearing in that character.

*Silas Morehouse* demurred to the complaint, because *Oiler*, the payee of the note, and who had assigned it in writing, as averred, was made a party defendant. He was not a necessary party, nor are there any averments showing that it was proper he should be made a party. The demurrer was overruled; but we do not perceive any error in this ruling, to the prejudice of the appellants in this case.

*Silas Morehouse* answered: 1. A denial; 2. Payment; 3. That he had paid *Barnard*, to whom the notes had been

Nov. Term, 1860.

assigned by *Oiler*, and who then held one of them, certain named sums. Reply in denial of the second paragraph of the answer, and, by *Potter*, admitting the third. *Barnard, Benjamin Morehouse*, and *Oiler* were defaulted.

Upon the trial a book, proved to be the record of mortgages for *Tippecanoe* county, was produced, and, over the objection of the defendant, the recorded copy of the mortgage sued on was read in evidence without producing, or accounting for the absence of the original.

It is insisted that this was error; that in all cases where it is shown that the instrument is in the hands, or ought to be, of the party offering the evidence, that the best evidence, to wit, the original, should be produced, and its execution proved, before it is offered; that the statutes relied upon by appellee, 1 R. S., § 31, p. 237; 2 *id.* § 283, p. 92, can only apply in cases where the instrument is not presumed to be in possession of the party offering the evidence, or where there is proof of its loss, &c.

We do not concur in this view of the case.

*Per Curiam.* — The judgment is affirmed, with costs, and 3 per cent. damages.

*R. C. Gregory* and *J. Gregory*, for appellants.

*I. N. Stiles*, for appellees.