# PROVIDENCE COUNTY.

## George J. Adams vs. David S. Baker, Administrator.

The indorsee of a lost promissory note brought an action at law against the administrator of the maker to recover the amount due on the note. On demurrer to the declaration:
*Held*, that an action at law would lie.
*Aborn* v. *Bosworth*, 1 R. I. 401, affirmed.
The declaration alleged the loss of the note after indorsement.
*Held*, that the allegation of loss was not necessary to maintain the action, and that the plaintiff could prove both the loss of the note and its destruction.
*Held*, further, that the plaintiff could recover on proof that the defendant ran no risk of being forced to make a second payment.
In the case at bar the defendant was an administrator; the intestate maker's estate had been represented insolvent; and nothing appeared to show that any future action on the note was not barred by the statute of limitations.
*Held*, that the demurrer must be overruled.

ASSUMPSIT. On demurrer to the declaration.

*October* 14, 1887. DURFEE, C. J. This case comes before us on demurrer to the second count of the declaration, which count sets forth that the defendant's intestate at Providence on July 23, 1857, made his promissory note for $500 payable to James A. Requa or order two months after date, and that said Requa then and there indorsed and delivered it to the plaintiff; that it was not paid at maturity; that after maturity, and before any part of it was paid, it was lost by the plaintiff; that after the loss the plaintiff demanded payment of the defendant, and the defendant refused payment. The ground of demurrer is that an action at law will not lie on such a note so indorsed and lost, the only remedy being in equity.

There is a conflict of decision on the question. The English doctrine is that the only remedy on a lost negotiable note or bill is in equity, the reason alleged being that the maker, upon paying the note, is entitled to have it surrendered to him for his protection against suit thereon by any other person coming into possession of it, and a court of equity can afford protection by exacting an indemnity bond, whereas a court of law cannot. In this country

the English doctrine has been adopted in several states, but in others it has been materially modified or rejected. In this State, in *Aborn* v. *Bosworth*, 1 R. I. 401, which was an action on a bill of exchange lost before maturity, tried to the jury in 1850, this court instructed the jury that the payee was entitled to recover upon proof either that the bill was destroyed or unindorsed, or so indorsed that no third person could recover on it. The counsel for the defendant disparages the authority of this case because it was determined at *nisi prius ;* but it should be remembered that at the time it was tried, the full court were required to sit in the trial of cases to the jury, and the court, when so sitting, was accustomed to listen to very thorough discussions of legal questions on both principle and precedent. We think the case has been, and should continue to be, accepted as settling the law, so far as it goes, for this State. The ground of decision was that the loser is entitled to recover in an action against the maker, whenever the recovery would put the maker in no worse position than he would have been in if the loss had not occurred.

The averment here is that the note was lost after indorsement, but also after maturity. The averment of loss was not necessary to the maintenance of the action, and, in our opinion, it is competent for the plaintiff to prove not only the loss but also the destruction of the note. 2 Parsons on Notes and Bills, 309. In *Peabody* v. *Denton*, 2 Gallison, 351, the note was lost after maturity, and in an action thereon by the indorsee against the maker, tried eighteen years after the loss, the court held that after so great a lapse of time it was incumbent on the defendant to show either that the note existed or had been demanded of him, or that it must otherwise be presumed that no demand would ever be made. In the case at bar, for anything that is averred, the note may have been lost thirty years ago. In *Swift* v. *Stevens*, 8 Conn. 431, the note disappeared some six years before the trial. The cashier of a bank to whom it had been delivered for safe keeping testified that he had made diligent search for it, but was unable to find it ; that he had never delivered it to any person, and that he verily believed it had been accidentally destroyed ; and on motion for new trial after verdict for the plaintiff, the court held that the evidence was proper to go to the jury to prove the destruction or

non-existence of the note. The circumstances in the case at bar, for anything that appears, may be equally or more cogent to prove the destruction or non-existence of the note.

Moreover, all that is required to entitle the plaintiff to recover is proof that the defendant can pay the note without the hazard of being required to pay it a second time. Accordingly it has been held that the loser is entitled to recover when any future action on the note will be barred by the statute of limitations. *Torrey* v. *Foss*, 40 Me. 74 ; *Moore* v. *Fall*, 42 Me. 450. Any future action on this note would be barred, so far as appears, and if so the defendant will be protected. And, furthermore, the action here is not against the maker personally, but against his administrator, and it has been stated that the maker's estate was represented insolvent, that commissioners were appointed who allowed the plaintiff's claim, and that the allowance was stricken out by the defendant and this action brought under Pub. St. R. I. cap. 186, § 15.[1] If this be so, the estate, if really insolvent, will be protected without any indemnity bond, since no creditor who has not presented his claim to the commissioners can maintain any action upon it against the estate unless there is a surplus remaining after all the debts allowed have been paid. We think, therefore, that the demurrer must be overruled, since it does not appear but that the plaintiff is able to show that the defendant can pay the note to him without risk of being obliged to pay it again to any other person.

The plaintiff contends that he is entitled to recover because, though the note was lost after indorsement, it was overdue when lost, and therefore any person taking it would take it subject to the equities, and could get no better title than the person had

---

[1] As follows :

SECT. 15. In case the executor or administrator shall be dissatisfied with the claim of any creditor allowed by the commissioners, and shall give notice thereof in the office of the clerk of the probate court, and also to the creditor, within forty days as aforesaid, such claim shall, by the court of probate, be stricken out of the report of the commissioners ; in which case the claimant may, within sixty days after notice thereof, bring his action at common law, in the same manner and upon the same conditions and with like effect as if his claim had been wholly or in part rejected by the commissioners.

from whom he took it. A number of cases support this view. *Thayer* v. *King*, 15 Ohio, 242; *Sloo* v. *Roberts*, 7 Ind. 128; *Elliott* v. *Woodward*, 18 Ind. 183; *Smith* v. *Walker*, Smedes & M. Ch. 432, 435; *Chaudron* v. *Hunt*, 3 Stew. Ala. 31; *Fales* v. *Russell*, 16 Pick. 315, 317; *Renner* v. *The Bank of Columbia*, 9 Wheat. 581. But against this view it is urged that the holder of the note by simply producing it and verifying the signature makes a *primâ facie* case for himself, throwing on the defendant the burden of proving that the note was lost before maturity, a burden involving a risk which he ought not to be exposed to. 2 Parsons on Notes and Bills, 295. We do not find it necessary to decide the point now, and therefore leave it undetermined.

*Demurrer overruled.*

*Rollin Mathewson*, for plaintiff.
*Warren R. Perce*, for defendant.