Embree v. Emerson—37 Ind. App. 16.

---

EMBREE v. EMERSON, ADMINISTRATOR.

[No. 5,430. Filed April 27, 1905. Rehearing denied June 30, 1905. Transfer denied December 12, 1905.]

1. PLEADING.—Complaint.—Bills and Notes.—Lost.—Averments.—A complaint upon a negotiable note, lost before maturity, must allege that such note was not indorsed. p. 20.

2. SAME.—Complaint.—Bills and Notes.—Lost.—Ownership.—In an action by the payee of a lost negotiable note it is unnecessary to allege ownership, such fact being presumed. p. 20.

3. SAME.—Complaint.—Mortgages.—Execution.—A complaint alleging that defendant "executed" the mortgage sued on is sufficient, since execution includes delivery. p. 21.

4. APPEAL AND ERROR.—Questioning Complaint for First Time on Appeal.—A complaint is sufficient, when questioned for the first time on appeal, if the facts stated will bar another action for the same cause. p. 21.

Embree *v.* Emerson—37 Ind. App. 16.

5. PLEADING. — *Complaint.* — *Answer.* — *Demurrer.* — *Carrying Back to Complaint.*—Where plaintiff's demurrer to an answer is overruled, defendant can not complain that it was not carried back and sustained to the complaint.  p. 21.

6. EVIDENCE. — *Mortgages.* — *Records.*—*Statutes.*—Under §3372 Burns 1901, §2952 R. S. 1881, the record of a mortgage in the recorder's office is admissible in evidence without the production, or proof of loss, of the mortgage itself.  p. 22.

7. SAME.—*Bills and Notes.*—*Ownership.*—Where the evidence shows that the payee of a note took same as the purchase price of his farm; that he received a mortgage to secure same and recorded it; that it was never assigned; that defendant admitted that the debt was owing and that the payee held such note and mortgage; that payee was a brakeman and was killed in Minnesota and that the note and mortgage could not be found, the court is justified in finding that the payee was the owner thereof at his death.  p. 22.

8. SAME.—*Presumptions.*—*Bills and Notes.*—*Payable in Bank.*— *Ownership.*—In the absence of evidence, there is no presumption that a promissory note was payable in bank, nor that the payee intentionally parted with title or possession.  p. 25.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Suit by Garrard M. Emerson as administrator of the estate of Alvin H. Embree, deceased, against Albert B. Embree.  From a decree for plaintiff, defendant appeals. *Affirmed.*

*Lucius C. Embree* and *Luther Benson,* for appellant.
*Stilwell & Kister* and *Levin W. Gudgel,* for appellee.

COMSTOCK, C. J.—Appellee brought this suit against appellant upon a promissory note and a mortgage given to secure the payment of the same, both alleged to have been lost.

The complaint is in one paragraph, and in substance is as follows:  On the 4th day of June, 1890, Albert B. Embree executed and delivered to Alvin H. Embree his promissory note for the sum of $2,000, payable ten years after date, with interest at six per cent from date, dated August 1, 1890.  Plaintiff is unable to set out a copy

of said note, or give a fuller description, for the reason that the same has been lost. The plaintiff has made diligent search and inquiry for the same, but has failed to find it. The note was given for the unpaid balance of the purchase money of the real estate hereinafter described. On said 4th day of June, 1890, to secure the payment of said note, the defendant Albert B. Embree and his wife, Mary E. Embree, then living, but now dead, executed to said Alvin H. Embree their mortgage, a copy of which mortgage is filed with the complaint and marked exhibit A. Said mortgage is lost, and the plaintiff has made diligent search and inquiry for the same, but has failed to find it. The copy above mentioned and set out and marked exhibit A is a copy of the mortgage taken from the record hereinafter named, and is a true copy of the original mortgage. By said mortgage the defendant conveyed and mortgaged to said Alvin H. Embree the following real estate in Gibson county, State of Indiana, to wit: [Then follows a description of the real estate]. On the 15th day of May, 1900, at Hebbing, Minnesota, said Alvin H. Embree died intestate, and on the 7th day of April, 1902, the plaintiff duly qualified and received his letters as such administrator from the Gibson Circuit Court.

A copy of the mortgage which is made a part of the complaint recites that the same is given to secure the payment of an indebtedness of $2,000, evidenced by a certain promissory note for said sum executed by said Albert B. Embree to Alvin H. Embree, dated August 1, 1890, and due ten years after date, with interest at six per cent from date until paid, interest payable annually, and with attorneys' fees. The mortgage further recites that it is junior to a mortgage made the same day to Ellen Howe for $1,000 on one of the above-described tracts of real estate by Albert B. Embree and his wife, it being the unpaid balance of the purchase money of the above-described real estate, and that the mortgagors expressly agreed to pay the sum of money

above secured, without relief from valuation and appraisement laws, together with attorneys' fees.

The appellee answered in three paragraphs: (1) General denial; (2) payment; and (3) that "long before the maturity of the note and mortgage mentioned in the complaint the intestate, Alvin H. Embree, then in full life, but now deceased, accepted and received from defendant a sum of money, to wit, $1,000, in full payment and settlement of the indebtedness described in the complaint, and agreed to cancel said note and mortgage and forgive said debt, and, in compliance with said agreement, destroyed said note and mortgage." Plaintiff's demurrer to the third paragraph of the answer, on the ground that said paragraph did not state sufficient facts to constitute a defense to plaintiff's cause of action was overruled by the court, and a reply of general denial to the second and third paragraphs of answer filed. Upon the issues joined as aforesaid there was trial by the court, special finding of facts made and conclusions of law stated thereon in favor of the plaintiff, and judgment rendered accordingly.

The appellant has assigned as errors: That the complaint does not state facts sufficient to constitute a cause of action; that the court erred in not carrying the demurrer to the third paragraph of the answer back to the complaint, and in not sustaining it to the complaint; that the court erred in overruling the motion for a new trial.

In the able brief of counsel for appellant the negotiable feature of promissory notes, and the various senses in which the term "negotiable" is used by the statutes in this State and at common law, with an instructive history of the legislation on this subject, are interestingly presented. From such presentation counsel conclude that the effect of the legislation in this State is to render any promissory note, whether payable in bank in this State or not, negotiable in the sense that the indorsee acquires the legal title, and "may

in his own name recover against the person who made the same." Upon this premise appellant's counsel base the proposition that as it appears that the chose in action has never come into the hands of the personal representative of the decedent, and has not been found among the personal effects of the decedent, the personal representative, in order to recover, must by allegation and proof show that the same was the property of the decedent at the time of his death, and that the record does not make this showing.

It is claimed by appellant that the complaint is defective in not alleging that the note was not indorsed; citing *Elliott* v. *Woodward* (1862), 18 Ind. 183; *Sloo* v. *Roberts* (1855), 7 Ind. 128; *Kirkwood* v. *First Nat. Bank* (1894), 40 Neb. 484, 58 N. W. 1016, 24 L. R. A. 444, 42 Am. St. 683. The cases cited sustain appellant's claim. In *Sloo* v. *Roberts, supra,* the reason is briefly stated: "If the maker of such lost paper should be compelled to pay, such payment would be no bar to the recovery in the hands of an innocent holder who had received it before due. Hence, a double recovery might be had on the same instrument. The rule, however, would not apply where a negotiable note was lost after due, because in that case the party receiving it after the loss takes the note on the credit of the indorser, and must stand in the situation of the person who was holder at the time it was due." There is, however, no allegation as to when the note was lost. At the death of the payee it lacked some months of maturity. So far as shown it may have been lost before maturity.

It is further claimed that under *Bean* v. *Keen* (1844), 7 Blackf. 152, the complaint is bad because it is not alleged that the note is the property of the plaintiff. In the case last named the action was brought by the assignee against the maker of promissory notes alleged to be lost. The declaration averred that the notes on which the suit was brought were executed by the maker to the payee, and by a succession of assignments assigned to the plaintiff;

that they had been lost out of the possession of the plaintiff. There was therefore no question in the case as to the averment of the assignment of the notes, but the court held that it was necessary for the plaintiff to show that he had a legal title to the notes sued on. The presumption is that a promissory note is the property of the payee until some change of title or possession is shown. In an action by the payee it is only necessary to allege the execution of the note to the plaintiff, where the payee is the plaintiff. The complaint in this case alleges that the note was executed and delivered, and that the mortgage was executed to Alvin H. Embree.

3. The averment of delivery was unnecessary, because the "execution" of such instrument includes its delivery. These objections to the complaint are not tenable.

But this assignment of error must fail upon another ground. The sufficiency of the complaint is questioned for the first time upon appeal. The allegations, the omission of which it is contended make the complaint bad, are of facts which might be supplied by proof, and the complaint is sufficient to bar another action for the same cause, which is all that is necessary to make it sufficient when questioned here for the first time. *Chapell* v. *Shuee* (1889), 117 Ind. 481; *Robinson* v. *Powers* (1891), 129 Ind. 480; *Orton* v. *Tilden* (1887), 110 Ind. 131; *Colchen* v. *Ninde* (1889), 120 Ind. 88; *Burkhart* v. *Gladish* (1890), 123 Ind. 337; *Indianapolis, etc., R. Co.* v. *Petty* (1865), 25 Ind. 413; *Howorth* v. *Scarce* (1868), 29 Ind. 278.

As to the second specification of error the following cases, and others that might be cited, hold that where the defendant's answer is held good on demurrer he can not successfully urge on appeal that the court erred in not carrying the demurrer back to the complaint. *Gilbert* v. *Bakes* (1886), 106 Ind. 558; *Haymond* v. *Saucer* (1882), 84 Ind. 3; *Scheible* v. *Slagle* (1883), 89

Ind. 323; *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254; *City of Evansville* v. *Martin* (1885), 103 Ind. 206; *Pritchett* v. *McGaughey* (1898), 151 Ind. 638.

There are three reasons set out in the motion for a new trial. The first is that the court erred in permitting the plaintiff to read in evidence the record of the mortgage purporting to have been executed by Albert B. Embree and wife to Alvin H. Embree. The objection made was that it had not been shown that the decedent was the owner of the mortgage or the note secured by the mortgage at the time of his death, or that either of them had been lost, and for the further reason that the mortgage was competent evidence itself. As to this objection the record of the mortgage was properly admitted as evidence. §3372 Burns 1901, §2952 R. S. 1881; *Lyon* v. *Perry* (1860), 14 Ind. 515; *Morehouse* v. *Potter* (1860), 15 Ind. 477; *Burns* v. *Harris* (1879), 66 Ind. 536; *Carver* v. *Carver* (1884), 97 Ind. 497. As to the other ground of objection, even if there had been no evidence tending to show that the deceased was the owner of the note or mortgage at the time of his death, or that the mortgage had been lost, the mortgage contained in itself the admission of the defendant of the execution of the note to the decedent. For this, if for no other reason, the evidence was properly admitted.

The remaining reasons for a new trial may be considered together. To do this requires an examination of the evidence. There is no controversy over the fact that the land described in appellee's mortgage was conveyed by the decedent to his brother Albert B. Embree. The notary public before whom the two mortgages purported to have been acknowledged testified positively that he drew up the mortgage to Ellen Howe, and that it was his recollection—his memory being refreshed by the record—that he also wrote the note signed by appellant, but that he had no recollection upon the subject of

what was done with this note. No note except the Howe note, and no mortgage except the Howe mortgage, were left at the office. He supposed that the other papers were taken away, and he had not seen them since. Did not know what became of them. It was his recollection that Albert B. Embree and his wife gave the mortgage to Alvin H. Embree in payment for the land. It is in evidence that the father of the deceased died in 1880. That he was at home in Indiana very little after the death of his father. He came on occasional visits to his mother. After her death, which occurred in 1899, in Princeton, Indiana, he had not been in Indiana for a number of years prior to his death. He died from injuries received in a railroad accident in Minnesota in May, 1900, within an hour after having received his injury. The physician who attended him at the hospital to which he was taken for treatment testified that no package or personal property was brought to the hospital with him; that he saw no note or mortgage said to belong to him, made no search for any; and that his clothing was not removed from his body at the hospital. The undertaker who prepared his body for burial testified that he searched decedent's clothing, and that the only papers found were a traveling card from the union to which the deceased belonged, a receipt for dues and a time-card, and these were sent to Mike Gavin, a friend of deceased in West Superior, Wisconsin. No other property of any description was seen or received by said Gavin. The time-card was sent to his brother at Princeton, Indiana. The deceased at the time of his death was a brakeman on a logging road. Search was made for papers at the headquarters camp at which he lodged. None were found. Appellee made search at banks, at the recorder's office in Princeton, among the papers of his mother, and at such places as it was thought such papers, if in existence, might be found, but was not successful in finding them, or in getting any information in reference thereto. Mr. Gudgel, attorney for the

estate of the deceased, testified that after the appointment of appellee as administrator, appellant, in response to a request from him, called to see him (said attorney) and, in the course of the conversation had between them in reference to the note and mortgage in suit, said that there was more against the land than it was worth; that nothing had been paid on the note in principal or interest; that no sum was to be credited thereon, and that he did not know where the note and mortgage were, and that his brother left nothing but said note and mortgage.

The special findings, in substance, set forth that on June 4, 1890, Alvin H. Embree owned the land described in the mortgage. On that day he conveyed it by warranty deed to Albert B. Embree for $3,000. In consideration of the conveyance Albert B. Embree made his mortgage to one Ellen Howe for $1,000 on part of the land, and executed to Alvin H. Embree his promissory note for $2,000, dated August 1, 1890, payable ten years after date, with six per cent interest, payable annually, and, to secure the note, executed the mortgage in suit. At the time of the execution of the note and mortgage Alvin H. Embree was a single man, a nonresident of Indiana, engaged as a laborer on railroads in the North, seldom returning to his former home in Gibson county, and on May 5, 1900, he was accidentally killed on a railroad in Minnesota, and the plaintiff was appointed administrator of his estate. The plaintiff, after diligent search, has been unable to find either the note or the mortgage, and the same are lost. No part of the debt evidenced by the note and mortgage has been paid, and the decedent held and owned the note and mortgage when he died, no assignment appearing of record. There is due as principal and interest $3,586.60, and $189.30 would be reasonable attorneys' fees, as provided in the note and mortgage.

The conclusions of law were, in substance, that the plaintiff was entitled to judgment for the sums found to be

Richmond Nat. Gas Co. *v.* Davenport—37 Ind. App. 25.

due, and to a decree of foreclosure and sale. The evidence, we think, fully warranted the findings, and the findings, the conclusions of law.

We find no error. Judgment affirmed.

### ON PETITION FOR REHEARING.

COMSTOCK, J.—The note was dated September 1, 1890, in favor of payee, due ten years after date. The decedent died March 5, 1900. This action was commenced in April, 1903. There is no evidence that the note was payable in a bank of the State, and no presumption will be indulged that it was. Nor will it be presumed that the payee intentionally parted with title or possession. The evidence fairly warrants the conclusion that the note is lost and out of circulation.

Petition for rehearing overruled.